## 27392. HAM et al. v. HAM.

GUNTER, Justice. The appellants-defendants made a motion for summary judgment below which was denied by the trial judge. However, a certificate for immediate review was granted.

The sole issue for decision on appeal is the correctness or incorrectness of the judgment denying the motion for summary judgment.

This case involves a contest between the executors of the estates of two brothers, V.H. Ham who died November 17, 1966 and N. L. Ham who died May 4, 1970. The contest involves the ownership of two tracts of land in Butts County, Georgia. It is conceded that record title to the two tracts of land is in N. L. Ham.

In 1971, the executor of the estate of V. H. Ham brought an action against the executors of the estate of N. L. Ham (appellants-defendants) seeking ejectment and a decree placing title to the two tracts of land in the executor of the estate of V. H. Ham.

Appellants filed responsive pleadings and their motion for summary judgment.

The summary-judgment evidence in support of N. L. Ham's ownership of the two tracts in question consisted of facts taken from the real estate records of Butts County showing all real estate transactions made by N. L. Ham during his lifetime, and showing that at the time of his death record title to the two tracts in question was vested in him; also supporting N. L. Ham's ownership was an authenticated statement of V. H. Ham furnished on January 6, 1961 to agents of the Compliance and Investigation Division, Commodity Stabilization Service, U. S. Department of Agriculture which, in part, read as follows: "In

addition to my duties as Sheriff I operate a Butts County farm which consists of acreage that I personally own and acreage owned by my brother N. L. Ham of Pembroke, Georgia. My brother has never lived or farmed in Butts County and he is principally occupied as a Chevrolet dealer in Pembroke. I have farmed and operated my brother's acreage within my own farm and all farm income derived from the entire farming operation above expenses is used to pay for the initial costs of the farmland and to buy additional farmland. My brother does own and furnish an automobile and a truck for my use in connection with the farming activities but I personally am in charge of all the farming that is done on the farm."

The summary-judgment evidence in support of V. H. Ham's ownership was as follows: V. H. Ham paid the total purchase price for both tracts of land in question; while N. L. Ham was the grantee in the deeds to both tracts, V. H. Ham retained possession of both deeds during his lifetime; the executor of the estate of V. H. Ham still has possession of said deeds; V. H. Ham farmed the two tracts during his lifetime, retained all income from the two tracts as his own, did not pay any of the income or profits from the two tracts to N. L. Ham, and V. H. Ham did not pay any rent for the use of the two tracts to N. L. Ham; V. H. Ham paid all real estate taxes on the two tracts during his lifetime, and after his death his executor continued to pay real estate taxes on the two tracts; N. L. Ham did not receive any income from the two tracts of land during his lifetime, nor did N. L. Ham attempt to exercise control over or possession of the two tracts of land during his lifetime.

Appellants contend that the record title being in N. L. Ham to the two tracts at the time of his death plus V. H. Ham's written statement made during his lifetime that he farmed acreage in Butts County owned by his

brother, N. L. Ham, are sufficient to eliminate any fact issue as to ownership between the two parties. We do not agree. Having reviewed this record, we concur with the trial judge that the evidence submitted created an issue of fact with respect to ownership of the two tracts, and that fact issue is for determination by a jury.

On a motion for summary judgment the burden of establishing the non-existence of any genuine issue of fact is upon the moving party and all doubts are to be resolved against the movant. The movant has that burden even as to issues upon which the opposing party would have the trial burden, and the moving party's papers are carefully scrutinized, while the opposing party's papers, if any, are treated with considerable indulgence. *Colonial Stores v. Turner,* 117 Ga. App. 331 (160 SE2d 672).

Code § 108-116 says: "As between . . . brothers . . . , payment of purchase money by one, and causing the conveyance to be made to another, shall be presumed to be a gift; but a resulting trust in favor of the one paying the money may be shown and the presumption rebutted."

In the case of *Stevens v. Stevens,* 204 Ga. 340 (3) (49 SE2d 895) (1948) this court said: "The fact that LeRoy Stevens paid the purchase-price of the land and caused the conveyance to be made to his brother, Morgan Stevens, Jr., would be presumed to be a gift, but this presumption may be rebutted. [Cits.]"

Under the evidence in this case submitted in support of and in opposition to the motion for summary judgment, whether there was a gift in favor of N. L. Ham or a resulting trust in favor of V. H. Ham is a fact issue for determination by a jury. The trial judge properly denied the appellants' motion for summary judgment.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 12, 1972 — DECIDED JANUARY 5, 1973.

*Allen, Edenfield, Brown & Franklin, Charles H. Brown, John R. Harvey, Alfred Dan Fears,* for appellants.
*Sullivan & Hawkins, Rudolph Sullivan, Ashley Hawkins,* for appellee.