## 56154. EPPS AIR SERVICE, INC. v. DeKALB COUNTY et al.

SHULMAN, Judge.

This case involves a collision at the De-Kalb-Peachtree Airport (a facility within the governing authority of DeKalb County) between an aircraft operated by an employee of appellant, Epps Air Service, Inc., and a truck driven by appellee Davis, a maintenance man at the airport. Suit for damages was filed by appellant against Davis and A. C. Guhl, as Chairman of the Board of Commissioners of DeKalb County. Appellees filed an answer, including a counterclaim by DeKalb County. Summary judgment was granted in favor of the appellees, dismissing plaintiff's complaint and further granting partial summary judgment in favor of the county as to its counterclaim on the issue of liability. This appeal seeks

review of those judgments.

1. "Unless no other conclusion is permissible, questions of negligence are matters for jury resolution and are not ordinarily susceptible to summary adjudication. [Cit.]" *Russell v. Goza,* 143 Ga. App. 455, 456 (238 SE2d 583).

Presiding Judge Hall, in *Wakefield v. A. R. Winter Co.,* 121 Ga. App. 259, 260 (174 SE2d 178), stated:" 'Here we start with the general proposition that issues of negligence, including such related issues as wanton or contributory negligence, are ordinarily not susceptible of summary adjudication either for or against the claimant, but should be resolved by trial in the ordinary manner.' 6 Moore's Federal Practice (2d Ed.) 2583, § 56.17 [42]. 'Summary judgment will not usually be as feasible in negligence cases, where the standard of the reasonable man must be applied to conflicting testimony, as it is in other kinds of litigation . . . Even where there is no dispute as to the facts, it is, however, usually for the jury to say whether the conduct in question met the standard of the reasonable man.' 3 Barron & Holtzoff-Wright, Federal Practice and Procedure, 106, 109, § 1232.1."

"To entitle the defendant to a summary judgment the undisputed facts as disclosed by the pleadings and evidence must negate at least one essential element entitling plaintiff to recovery and *under every theory fairly drawn from the pleadings and evidence* [Cits.] and if necessary, prove the negative or nonexistence of an essential element affirmatively asserted by the plaintiff. [Cits.]" *Henderson v. Atlanta Transit System,* 133 Ga. App. 354, 356 (210 SE2d 845).

"Where a party to a case, upon whom the burden of proof on the trial of the case does not lie, makes a motion for summary judgment all the evidence adduced on the motion, including the testimony of the party opposing the motion is construed most strongly against the movant. [Cit.]" *Reese v. Reese,* 142 Ga. App. 243, 245 (236 SE2d 20).

"It might be well to also repeat what Judges Learned Hand, Frank and Chase have said about summary judgment: We take this occasion to suggest that trial judges should exercise great care in granting motions for summary judgment . . . Such a judgment, wisely used, is a

praiseworthy time-saving device. But, although prompt dispatch of judicial business is a virtue, it is neither the sole nor the primary purpose for which courts have been established. Denial of a trial on disputed facts is worse than delay." *Wakefield,* supra, p. 261.

2. Here, material issues of fact were certainly in dispute, including whether an alternate route existed on the runway for the truck, and, if so, whether the truck driver was negligent in failing to take the alternate route.

An airport landing strip is primarily for use by aircraft. The questions of how much diligence the truck driver was required to exercise and whether he did, indeed, exercise such diligence in maintaining a look-out for aircraft, are certainly questions for a jury to determine.

There was also an issue of a possible violation of the DeKalb County Code concerning a requirement that vehicle operators be conversant with airport signal procedures. A question remains as to whether or not the requirement applied to appellee Davis and, if so, whether his conduct comported with the duty imposed by such procedures. These and other issues of material fact exist in this case, and appellant should have its "day in court" before a jury for determination of all issues of negligence. Accordingly, the judgments dismissing plaintiff's complaint and granting partial summary judgment as to liability in favor of appellee DeKalb County must be reversed.

*Judgment reversed. Bell, C. J., and Birdsong, J., concur.*

ARGUED JUNE 26, 1978 — DECIDED SEPTEMBER 12, 1978.

*Smith, Cohen, Ringel, Kohler & Martin, Harold A. Horne, Jr., Andrew J. Hinton, Jr.,* for appellant.
*Swift, Currie, McGhee & Hiers, Glover McGhee, Michael H. Schroder,* for appellees.