## 70765. DeGRACIA v. HUNTINGDON ASSOCIATES, LTD.
### (336 SE2d 602)

BENHAM, Judge.

Appellant and her business partner leased from appellee Huntingdon Associates, Ltd. (Huntingdon) an area in its apartment building in which appellant operated a beauty shop. The leased space did not contain a rest room facility, but Huntingdon gave appellant the right to use the public bathroom located on the ground floor of the building. On July 14, 1982, appellant slipped and fell in the bathroom, allegedly as a result of an accumulation of water negligently allowed to remain on the floor by one of Huntingdon's agents. Appellant further alleged in her complaint against Huntingdon that Huntingdon allowed the bathroom plumbing and fixtures to deteriorate and remain in a state of disrepair. In its answer, appellee denied the allegations and, after discovery, filed a motion for summary judgment, which the trial court granted. Appellant seeks a reversal of the summary adjudication. We affirm.

1. In three of her enumerations of error, appellant asserts that material issues of fact remained such that the grant of summary judgment was inappropriate. More specifically, she claims that there was evidence of other water problems in appellee's building, which evidence was indicative of appellee's failure to keep its premises in repair. We disagree.

Our review of the record reveals that the only evidence of the alleged water problems appears in appellant's affidavit and deposition, where she recounts an instance of flooding allegedly caused by the bursting of pipes in the building. However, she admitted that she knew of no connection between that flooding and the water that was allegedly on the bathroom floor on the day she fell; she never saw any water dripping or running anywhere in the bathroom; the bathroom was usually clean and neat, without debris on the floor, and it was in that condition when she used it earlier on the day she fell; she had not noticed water anywhere else in the building that day; she did not know how the water got on the bathroom floor; and she did not notice the water until she slipped on it at approximately 9:45 a.m. The affidavit of appellee's maintenance custodian, Mr. Williams, stated that his duties included cleaning the bathroom in question, and that between 8:00 a.m. and 8:45 a.m. on the morning appellant fell, he damp mopped the floor without flooding it and locked the door at 8:45 a.m. to allow the floor to dry. He unlocked and inspected the room at approximately 9:00 a.m. and found the floor to be completely dry, and when he inspected it again at approximately 10:00 a.m., the floor was still clean and completely dry.

It is well established that in slip and fall cases involving foreign substances the plaintiff must show that the owner " 'was aware of the

substance or would have known of its presence had he exercised reasonable care.' [Cits.]" *Alterman Foods v. Ligon*, 246 Ga. 620, 622 (272 SE2d 327) (1980). It being uncontroverted that the bathroom was kept clean and that there was no sign of water leakage or flooding in that room prior to or on the date of appellant's accident, the trial court properly concluded that there was no evidence of actual or constructive knowledge on appellee's part that water had accumulated on the bathroom floor. Since an essential element of appellant's cause of action was lacking, summary judgment was proper. *Alterman Foods*, supra; *K-Mart Corp. v. Spruell*, 173 Ga. App. 884 (328 SE2d 577) (1985).

2. In her first, second, and fourth enumerations of error, appellant also claims that the trial court erred in deciding the case within the context of OCGA § 51-3-1 and argues that OCGA § 44-7-14 should have been applied due to the landlord-tenant relationship between appellee and appellant. Appellant's analysis is misguided at best. OCGA § 44-7-14 applies only to third parties (e.g., a tenant's employee, guest, or family member) injured on leased premises. Appellant was not injured on leased premises. The bathroom where the accident occurred was by appellant's own admission a "public" facility not included in the space she leased from Huntingdon. While a landlord-tenant relationship did exist between the parties as to appellant's shop, appellant, by appellee's invitation, could use the bathroom facility for her own convenience and that of her business customers. Under those circumstances, appellant was an invitee, and the OCGA § 51-3-1 standard of care applied. " 'Whether a person is an invitee [and thus subject to OCGA § 51-3-1] or a licensee depends upon the nature of his relation or contact with the owner . . . of the premises.' [Cit.] . . . If the relationship is one of mutual interest to the parties, the injured party is an invitee of the owner. [Cits.]" *Frankel v. Antman*, 157 Ga. App. 26, 27 (276 SE2d 87) (1981). Nor was appellant a third party; she was an invitee of Huntingdon, the owner, and not the invitee of a tenant on Huntingdon's property.

3. Appellant's final enumeration of error is that the trial court failed to recognize what she claims were admissions against interest allegedly made by appellee's agents and paraphrased by appellant in her affidavit opposing the summary judgment motion. The statements that on one occasion a maintenance man told her he had been pumping water out of the building all night due to faulty plumbing in the building and that when she reported her fall to the resident manager, the manager said, "Yesterday there was water all over the place" were not admissible because they did not constitute "prior inconsistent statement[s] made by the witness[es] upon whose sworn testimony the movant [relied]." *Cooperwood v. Auld*, 175 Ga. App. 694 (334 SE2d 22) (1985).

4. We decline to impose against appellant the penalty requested by appellee and provided for in Rule 26 (b) of the Rules of the Court of Appeals of Georgia. However, we do note that the preparation of this opinion was greatly impeded by appellant's total failure to comply with Rule 15 (c) of this court's rules.

*Judgment affirmed. Banke, C. J., and McMurray, P. J., concur.*

DECIDED OCTOBER 18, 1985.

*Robert M. Ray, Jr.*, for appellant.
*Stephen W. Irving*, for appellee.