71234. BRIGHT et al. v. FOOD GIANT, INC.
(340 SE2d 272)

SOGNIER, Judge.

Susan Bright and her husband, Timothy Bright, Sr., brought suit against Food Giant, Inc. in this slip and fall case. The trial court granted Food Giant's motion for summary judgment and the Brights appeal.

Appellant Susan Bright was a customer at one of appellee's food stores when she slipped and fell on a "slick spot" on the floor. No employee of appellee's was in the aisle at the time of appellant's fall and although a cashier was at her register within eight feet of appellant when she fell, it is uncontroverted that the "slick spot" could not be seen from that employee's station. Furthermore, the evidence is uncontroverted that the "slick spot" could not be detected merely by looking at the floor. In her affidavit, appellant stated that "[t]he slick area was not visible, but was easily felt and discovered by touch of the hand and by rubbing your foot over it."

"In slip and fall cases, '[t]he true ground of liability is the proprietor's superior knowledge of the perilous instrumentality and the danger therefrom to persons going upon the premises. [Cit.] . . . Georgia courts have uniformly held that where the customer slips on a substance placed on the floor by others than the owner, it is necessary to prove that the defendant had knowledge or that under the circumstances he was chargeable with constructive knowledge of its existence. [Cit.]' *Winn-Dixie Stores v. Hardy,* 138 Ga. App. 342, 344 (226 SE2d 142) [(1976)]. Constructive knowledge may be established by showing that (1) the substance had been there for such a time that ordinary diligence by the defendant should have effected its discovery; or (2) that an employee of the defendant was in the immediate area of the dangerous condition and could have easily seen the substance. [Cit.]" *Lend Lease Transp. Co. v. McBride,* 169 Ga. App. 902-903 (315 SE2d 449) (1984). See also *Caree v. Revco Discount Drug &c.,* 175 Ga. App. 487, 488 (333 SE2d 387) (1985). In the present case, appellants concede that there is no evidence that appellee had actual knowledge of the "slick spot." Susan Bright admitted she had no idea how long the "slick spot" had been on the floor and there was no evidence that appellee was responsible for its presence on the floor. Thus, no question of fact exists from which a jury could infer any failure on appellee's part to exercise reasonable care to keep its store in safe condition. See *Dillon v. Grand Union Co.,* 167 Ga. App. 381, 382 (1) (306 SE2d 670) (1983). Similarly, it was not shown that appellee had constructive knowledge of the presence of the "slick spot" since, even assuming appellee's employees were in the immediate area, the evidence is uncontroverted that those employees could not have easily seen or discovered the substance in order to remove the hazard. See *Winn-Dixie Stores,* supra at 345. Therefore, in the absence of any questions of material fact, the trial court correctly granted summary judgment in favor of appellee. See *Filmore v. Fulton-DeKalb Hosp. Auth.,* 170 Ga. App. 891, 893 (318 SE2d 514) (1984).

*Judgment affirmed. Birdsong, P. J., and Carley, J., concur.*

DECIDED FEBRUARY 3, 1986.

*Jack O. Morse,* for appellants.
*Deborah A. Finnerty, Donald R. Andersen,* for appellee.