73860. MAYFIELD v. ALL AMERICAN QUALITY FOODS, INC.
(356 SE2d 745)

SOGNIER, Judge.

Timothy Mayfield brought suit against All American Quality Foods, Inc. to recover damages for injuries sustained when he slipped and fell while shopping in a grocery store owned and operated by All American. The trial court granted All American's motion for summary judgment and Mayfield appeals.

Appellant contends the trial court erred by granting judgment to appellee as a matter of law because there remained for jury determination a genuine issue of material fact in regard to the cause of the fall. Appellant testified by deposition that although he had no personal knowledge of the cause of his fall, the store's co-manager, James Kenneth Satterwhite, approached appellant immediately after the fall, showed him an empty plastic bread wrapper and told him at that time that the bread wrapper was the cause of his fall. Satterwhite, in his deposition, testified he neither showed appellant a bread wrapper nor told him a bread wrapper caused the fall, and further denied any knowledge whatsoever of the cause of appellant's fall.

While we agree with appellant that a dispute exists concerning the cause of the fall, even should we assume, *arguendo*, that the bread wrapper did cause appellant's fall, the trial court's grant of summary judgment to appellee was still proper. It has long been the rule in Georgia that in slip and fall cases involving foreign substances, before the owner may be held liable, it is necessary that the proof show the owner " 'was aware of the substance or would have known of its presence had he exercised reasonable care.' [Cits.]" *Alterman Foods v. Ligon,* 246 Ga. 620, 622 (272 SE2d 327) (1980). Appellant has failed to meet this burden. Construing the evidence most favorably to appellant as the nonmovant, see *Harris v. Sulcus Computer Corp.,* 175 Ga. App. 140-141 (1) (332 SE2d 660) (1985), appellant has nevertheless failed to show that appellee had actual knowledge of the bread wrapper. Moreover, appellant has failed to show constructive knowledge.

Both Satterwhite and the store employee assigned to sweep the floor testified that the area where appellant fell had been swept free of debris shortly before appellant fell. Appellant has shown only that some employees of appellee were in the "vicinity" where the fall occurred.

"[T]here never has been a rule in this state that liability can be shown by nothing more than the fact that the defendant's employee was in the immediate area of the hazardous substance. In every case, the rule that states that proposition also requires a finding that the defendant's employee had 'an opportunity to discover and remove the hazard,' which can only be shown, and in fact in the early cases was shown, by evidence that the hazard existed for a length of time sufficient for the defendant to discover the hazard and remove it." *Mitchell v. Food Giant*, 176 Ga. App. 705, 709 (337 SE2d 353) (1985). In the absence of such evidence from appellant, appellee may not be charged with constructive knowledge of the danger and thus an essential element of appellant's case is missing. Since appellee was entitled to judgment as a matter of law, the trial court did not err by granting its motion for summary judgment. See generally *Butler v. Terminix Intl.*, 175 Ga. App. 816, 818 (334 SE2d 865) (1985).

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED APRIL 23, 1987.

*John S. D'Orazio*, for appellant.
*Douglas W. Smith, Daniel B. Simon III, Rodney G. Meadows*, for appellee.