### 75012. NEWMAN v. RUBY TUESDAY, INC.

(363 SE2d 26)

SOGNIER, Judge.

Elsie L. Newman instituted an action to recover damages resulting from her slip and fall in a restaurant owned by Ruby Tuesday, Inc. The trial court granted summary judgment in favor of the restaurant and Newman appeals.

The record reveals that while appellant and her daughter, Delree Friant, were being escorted to a table at appellee's restaurant by a waitress, appellant slipped and fell forward to the floor as she and her daughter followed the waitress past the restaurant's salad bar. After the fall, no inspection of the soles of appellant's shoes was made. However appellant's daughter testified by deposition that after the fall she noticed a white smear on the right front shoulder of appellant's jacket and a grease stain on her own slacks where she had been kneeling on the floor to assist her mother. Friant also testified that

she felt the floor with her hand, and it felt greasy. From these observations, appellant and Friant concluded that appellant's fall was caused by salad dressing which had spilled from the adjacent salad bar. It is uncontroverted that appellee did not have actual knowledge of any foreign substance on the floor which may have caused appellant's fall.

In three related enumerations of error, appellant contends the trial court erred by granting summary judgment in favor of appellee because genuine issues of fact remain with regard to whether appellee may be charged with constructive knowledge of the condition at the salad bar. While we agree that testimony regarding appellant's and her daughter's smeared and stained clothing may have been sufficient to raise issues of fact as to whether the alleged foreign slippery substance on the floor caused appellant's fall, we find that these issues do not avail appellant in her quest to show constructive knowledge on appellee's part and thus prevent summary judgment in favor of appellee.

Appellant argues that constructive knowledge may be imputed to appellee because several of appellee's employees (possibly busboys or waitresses) were near the area at the time of the accident. Based on the presence of other employees in the vicinity, or, alternatively, on the presence of the waitress leading appellant and her daughter to their table, "[appellant] seeks to invoke a conclusion that because [appellee's] employees were present near the scene of the slip and fall [appellee] constructively was aware of the dangerous situation caused by the slippery substance. The fallacy of the supposition of constructive knowledge is that the condition must in fact exist and for a sufficient period of time in the immediate vicinity of the proprietor's agents so that constructive knowledge may be imposed. [Cit.]" *Kenny v. M & M Supermarket*, 183 Ga. App. 225, 226 (358 SE2d 641) (1987). "[T]here never has been a rule in this state that liability can be shown by nothing more than the fact that the defendant's employee was in the immediate area of the hazardous substance. In every case, the rule that states that proposition also requires a finding that the defendant's employee had 'an opportunity to discover and remove the hazard,' which can only be shown, and in fact in the early cases was shown, by evidence that the hazard existed for a length of time sufficient for the defendant to discover the hazard and remove it. . . . The proprietor's liability in all these cases is based upon the proprietor's failure to inspect and make safe the premises where the dangerous condition has existed long enough for him to discover it (or for it to be unreasonable not to know of the hazard); or stated otherwise, upon the superior knowledge of the proprietor, actual or constructive. [Cits.]" *Mitchell v. Food Giant*, 176 Ga. App. 705, 709 (337 SE2d 353) (1985). See also *Mayfield v. All American Quality Foods*,

182 Ga. App. 711 (356 SE2d 745) (1987). We find nothing in the record showing any of appellee's employees were in the area before the fall, other than the waitress who was escorting appellant and her daughter. Contrary to appellant's assertions in her brief, in their deposition testimony neither appellant nor her daughter had any positive recollection of other employees being in the vicinity. Further, assuming there was a slippery substance on the floor, appellant made no showing that it had been there long enough to give appellee a reasonable time and opportunity to remove it, and thus rebut appellant's affirmative evidence to the contrary. By appellant's own admission, appellee's waitress traversed the area of the fall only "a half-step" before appellant, and thus could not have had knowledge of any hazard for a sufficiently long time to give rise to a duty to take action to prevent appellant's fall.

Appellant's reliance on *Caree v. Revco Discount Drug*, 175 Ga. App. 487 (333 SE2d 387) (1985) is misplaced. In *Caree*, a majority of this court held the facts there indicated there was spilled baby oil on the floor of the store, and a store security guard had traversed the aisle where the spill was located just moments before the fall occurred, giving rise to an inference, from the evidence presented, that the guard could have observed the baby oil and corrected the hazardous condition. No such inference may be drawn from the facts in the case sub judice. We find no indication in the record that if a foreign substance was present appellee's waitress had any more opportunity to observe and avoid it than did appellant and her daughter and we decline to impute constructive knowledge of the hazard to appellee under these circumstances.

Nor is the point appellant raises with regard to the credibility of the testimony of appellee's manager, Nancy Jean Tilton, well taken. Even assuming appellee's evidence was contradictory and construing it most strongly against appellee, Tilton's uncontroverted statement still stands that she personally conducted an inspection of the floor after the fall and found no foreign substance. Further, the issue to which any such contradiction would be relevant is not the dispositive one in this case, for, as discussed above, "[e]ven assuming the inference that she slipped on [salad dressing], there is simply nothing in the evidence to show superior knowledge on the part of the [appellee] of a hazard which could give rise to a duty to remove it or warn customers, so that failure to do so could be found to constitute a failure to exercise the duty of ordinary care in keeping the premises safe, which befalls the one who is in control of the premises. [Cits.] In this state, the proprietor is not an insurer of its customers' safety. [Cit.]" *Cook v. Arrington*, 183 Ga. App. 384, 386 (358 SE2d 869) (1987). The trial court did not err by granting summary judgment in favor of appellee.

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED OCTOBER 28, 1987 —
REHEARING DENIED NOVEMBER 10, 1987.

*Carol D. Sweet*, for appellant.
*Taylor T. Daly*, for appellee.