### 75472. FOOD GIANT, INC. v. COOKE.
(366 SE2d 781)

CARLEY, Judge.

Appellee-plaintiff fell when she stepped into motor oil which apparently had escaped from cans displayed on a shelf and then collected on the floor of an aisle in appellant-defendant's store. Appellee filed this action for damages and, after a period of discovery, appellant moved for summary judgment. The trial court denied appellant's motion, but certified its order for immediate review. This appeal results from this court's grant of appellant's application for an interlocutory appeal.

1. In support of its motion for summary judgment, appellant produced the affidavits of three of its employees who had been on duty at the time that appellee fell. Each affiant asserted a lack of personal

knowledge as to the presence of the oil, the length of time that it may have been present on the floor, and the precise manner in which it had come to be there. In addition to this lack of actual personal knowledge, each affiant also denied receipt of notice, from any other source, of the presence of the oil on the floor prior to appellee's fall. The affidavit of appellant's manager contained this additional statement: "During the times I was in charge of a store for a shift, including while I was in charge of the store on the shift in which [appellee] allegedly fell, I *customarily* would patrol or instruct others to patrol the store three to four times per shift. Additionally, I instructed the employees in my charge to keep a lookout for any condition which could possibly cause a hazard to customers or other employees, and to correct any such condition *if* discovered." (Emphasis supplied.)

" '(I)n order to state a cause of action in a case where the plaintiff alleges that due to an act of negligence by the defendant he slipped and fell on a foreign substance on the defendant's floor, the plaintiff must show (1) that the defendant had actual *or* constructive knowledge of the foreign substance. . . .' [Cit.]" (Emphasis supplied.) *Filmore v. Fulton-DeKalb Hosp. Auth.*, 170 Ga. App. 891, 892 (318 SE2d 514) (1984). Thus, the burden would be upon appellant, as the movant for summary judgment, to show that no genuine issue remained as to its lack of actual *and* constructive knowledge of the oil on the floor of its premises. See *Winn-Dixie of Greenville v. Ramey*, 186 Ga. App. 257 (366 SE2d 785) (1988). The evidence of record would appear to be sufficient to show that appellant lacked *actual* knowledge of the oil prior to appellee's fall. Thus, the ultimate issue to be resolved is whether that evidence would also be sufficient to show that appellant had no *constructive* knowledge of the foreign substance. See generally *Filmore v. Fulton-DeKalb Hosp. Auth.*, supra.

"Constructive knowledge may be inferred where there is evidence that an employee of the owner was in the immediate vicinity of the dangerous condition and could easily have noticed and removed the hazard. [Cit.] Liability based on constructive knowledge may *also* be established by showing that the owner failed to exercise reasonable care in inspecting the premises, but recovery under that approach requires proof of the length of time the dangerous condition was allowed to exist. [Cits.]" (Emphasis supplied.) *Hughes v. Hosp. Auth. of Floyd County*, 165 Ga. App. 530, 531 (1) (301 SE2d 695) (1983). Thus, the burden would be upon appellant, as the movant for summary judgment, to show that, as to its lack of constructive knowledge under *either* theory, no genuine issue remained. It would appear that appellee's own "testimony effectively negates the possibility of constructive knowledge based upon the presence of an employee in the immediate area of the dangerous condition. Thus, [appellee's] sole avenue of possible recovery is one in which constructive knowledge on

the part of [appellant] is premised upon [appellant's] failure to exercise reasonable care in inspecting and keeping the premises in [a] safe condition. The [issue thus becomes whether the] affidavits executed by [appellant's] personnel effectively negate recovery of that theory. [Cits.]" *Filmore v. Fulton-DeKalb Hosp. Auth.*, supra at 893.

Nothing in appellant's evidence shows directly or circumstantially the approximate length of time that the oil may have been allowed to remain on the floor. Nowhere in their affidavits did appellant's employees specifically state at what time or even if, prior to the incident, the aisle in question had been inspected for foreign substances or had been ordered to be inspected. Construing the evidence most strongly against appellant, its manager's affidavit went merely to the general existence of a customary inspection procedure and would not be sufficient to negate the possibility that, on this specific occasion, there had been a deviation from that procedure. If appellant's manager cannot state that she was adhering to her customary inspection procedures on the specific day in question, the mere existence of such customary procedures would prove nothing. Compare *Continental Grain Co. v. Farmers Gin &c. Co.*, 167 Ga. App. 170, 173 (305 SE2d 783) (1983), holding that " '[a] witness may have no distinct and independent recollection of the details of a fact occurring in the course of the routine of his business, yet he may testify as to a fixed and uniform habit in such cases *and* 'state that he knows that what he did in a given transaction was in accordance with that habit. . . .' [Cits.]" (Emphasis supplied.)

Moreover, even assuming that the affidavit of appellant's manager could be construed both as a statement of the general existence of customary inspection procedures and also as an affirmation of her adherence to those customary procedures on the specific day of appellee's fall, such evidence, standing alone, would not authorize the grant of appellant's motion for summary judgment. The issue is not whether appellant had adhered to its customary inspection procedures. The issue is whether, under the existing circumstances, appellant's failure to have discovered the specific foreign substance prior to appellee's fall was the result of the breach of appellant's legal duty to inspect the premises. If so, an inference would arise from that breach of appellant's constructive knowledge of the presence of the oil on its floor. Appellant's mere adherence to its customary inspection patrol "three to four times per shift" would not show that the failure to have discovered the oil was non-negligent. " ' "An act in accordance with custom is not relieved of its character as negligence as a matter of law merely because of the custom." [Cit.] "By the great weight of modern American authority a custom either to take or to omit a precaution is generally admissible as bearing on what is proper conduct under the circumstances, but is not conclusive . . . An actor will not be allowed

to show conformity with his own individual habits in order to prove due care." [Cits.] . . . "What usually is done may be evidence of what ought to be done, but what ought to be done is fixed by a standard of reasonable prudence, whether it usually is complied with or not." ' [Cit.]" *Stuckey's Carriage Inn v. Phillips*, 122 Ga. App. 681, 688-689 (3) (178 SE2d 543) (1970).

The issue in this case is whether appellant's lack of prior actual knowledge of the presence of the oil is a factor which goes to show its liability rather than its non-liability for appellee's fall. At trial, the burden will be on appellee to prove that, notwithstanding a lack of actual knowledge, appellant had constructive knowledge insofar as, under the existing circumstances, the oil had been on the floor for a period of time sufficient for a reasonable inspection to have discovered it and that the knowledge of its presence should accordingly be imputed to appellant. " 'The length of time which must exist to show that the defendant had an opportunity to discover the defect will vary with the circumstances of each case [the] (nature of the business, size of the store, the number of customers, the nature of the dangerous condition and [the store's] location).' [Cit.]" *Alterman Foods v. Ligon*, 246 Ga. 620, 623 (272 SE2d 327) (1980). On summary judgment, however, the burden was on appellant to show that this theory of recovery was not a viable one. Appellant's evidence did not negate the possibility that, under the existing circumstances, its failure to have discovered the presence of the oil was the result of its failure to exercise reasonable care in inspecting its premises. See *Winn-Dixie of Greenville v. Ramey*, supra. Compare *Kenny v. M & M Supermarket*, 183 Ga. App. 225 (358 SE2d 641) (1987) (summary judgment proper where there is nothing to rebut defendant's direct evidence that, 5 minutes prior to fall, the grocery store aisle had been inspected and no foreign substances were found); *Mazur v. Food Giant*, 183 Ga. App. 453 (359 SE2d 178) (1987) (summary judgment proper where there are no existing circumstances inconsistent with direct evidence that, 10 to 15 minutes prior to fall, the floor in front of frozen food display had been inspected and no foreign substances were found.)

Since appellant did not meet its initial evidentiary burden as the movant for summary judgment, the burden never shifted to appellee to produce evidence as to how long the oil may have been on the floor. It follows that, as to the issue of appellant's constructive knowledge of the oil, the trial court did not err in denying summary judgment.

2. In her deposition, appellee stated that, had she been looking at the floor, she would have seen the oil before stepping into it. Placing its reliance upon this statement, appellant moved for summary judgment on the ground that appellee's failure to exercise ordinary care for her own safety was the proximate cause of her fall. The trial

court's refusal to grant appellant's motion on this ground is enumerated as error.

The mere fact that appellee was not looking ahead does not demand a finding that she was not exercising ordinary care for her own safety. " 'Looking continuously, without intermission, for defects in a floor is not required in all circumstances. [Cits.] "What is 'a reasonable lookout' depends on all the circumstances at the time and place." ' [Cit.]" *Wakefield v. A. R. Winter Co.*, 121 Ga. App. 259, 262-263 (174 SE2d 178) (1970). See also *Ellington v. Tolar Constr. Co.*, 237 Ga. 235, 238 (227 SE2d 336) (1976). Moreover, appellant, as the movant for summary judgment, had the burden of showing that there was no diversion attributable to it which had caused appellee's attention to be drawn away from the oil. " '(W)here a proprietor owes a duty to its invitees to keep the premises in a safe condition for their passage, the setting up of a distraction, by a sign or conduct, which will so divert the customer's attention as to be the proximate cause of his injury in colliding with what might otherwise be a patent and even safe appurtenance, may constitute actionable negligence on the part of the defendant.' [Cits.]" *Alterman Foods v. Ligon*, supra, 623. Appellant did not meet its evidentiary burden as to appellee's failure to exercise ordinary care for her own safety. It follows that the trial court did not err in denying appellant's motion for summary judgment on this ground.

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED FEBRUARY 16, 1988 —
REHEARING DENIED MARCH 8, 1988 —

*Donald R. Andersen*, for appellant
*Murphy C. Miller*, for appellee.