75094. WINN-DIXIE OF GREENVILLE et al. v. RAMEY et al.
(366 SE2d 785)

CARLEY, Judge.

Appellee-plaintiffs Mr. and Mrs. John Ramey brought suit, seeking damages based upon injuries sustained by appellee Mr. Ramey when he slipped and fell in a grocery store which is owned by appellant-defendant Winn-Dixie and managed by appellant-defendant Michael Layton. According to the allegations of appellees' complaint, appellants had negligently allowed a liquid substance to remain on the store floor, thereby creating a hazardous condition which had caused appellant John Ramey to slip and fall. Appellants answered,

denying the material allegations of the complaint. The trial court denied appellants' motion for summary judgment, but certified its order for immediate review. This appeal results from the grant of appellants' application for interlocutory review of the trial court's ruling.

1. In support of their motion for summary judgment, appellants filed the deposition of appellant Layton, wherein he testified that he had inspected the floor where appellee John Ramey had fallen and that he had found it to be dry. This testimony was sufficient to pierce appellees' allegation that there was a liquid substance on the floor where the slip and fall had occurred. See generally *Food Fair v. Mock*, 129 Ga. App. 421, 423 (199 SE2d 820) (1973). Once the allegation of appellees' complaint had been pierced, the burden shifted to them to produce evidence which would show that a genuine issue remained as to the existence of the liquid substance on the floor. See OCGA § 9-11-56 (e). Appellants contend that appellees did not meet this evidentiary burden and that the trial court therefore erred in denying the motion for summary judgment.

In the deposition of appellee John Ramey, he testified that, in an attempt to break his fall, he had placed his left hand, palm down, on the floor and that, when he removed his palm from the floor, it was wet. On a motion for summary judgment, " '[t]he evidence must be construed most favorably to the opposing party, and the trial court must give him the benefit of all favorable inferences that may be drawn from the evidence. [Cits.]' [Cit.]" *Norton v. Ga. R. Bank & Trust*, 253 Ga. 596, 603 (322 SE2d 870) (1984). Applying this standard, we find that, as to the existence of a hazardous substance, the deposition testimony of appellee John Ramey is sufficient to withstand appellants' motion for summary judgment. Compare *Kenny v. M & M Supermarket*, 183 Ga. App. 225 (358 SE2d 641) (1987). This holding should not, however, be construed as authority for the proposition that appellees' evidence would, had it been offered at trial, necessarily be sufficient to withstand a motion by appellants for directed verdict. An evidentiary posture authorizing the grant of a directed verdict may not authorize the grant of summary judgment in a case, such as this, where "the party making the motion for summary judgment is not required to carry the burden on the trial of the case. [Cits.]" *Ray v. Webster*, 128 Ga. App. 217 (196 SE2d 175) (1973).

2. Appellants further enumerate the trial court's denial of their motion for summary judgment as error on the ground that, under the evidence of record, the issue of their actual or constructive knowledge of the hazardous condition has been eliminated from the case.

" '(I)n order to state a cause of action in a case where the plaintiff alleges that due to an act of negligence by the defendant he slipped and fell on a foreign substance on the defendant's floor, the plaintiff must show (1) that the defendant had actual *or* constructive

knowledge of the foreign substance. . . .' [Cit.]" (Emphasis supplied.) *Filmore v. Fulton-DeKalb Hosp. Auth.*, 170 Ga. App. 891, 892 (318 SE2d 514) (1984). Thus, the burden would be on appellants, as the movants for summary judgment, to show that no genuine issue of material fact remained as to their knowledge, actual *and* constructive, of the foreign substance on the floor. *Food Giant v. Cooke*, 186 Ga. App. 253 (366 SE2d 781) (1988).

Appellee John Ramey testified that he saw none of appellants' employees in the area where his fall occurred. This testimony does not, however, establish such a lack of appellants' constructive knowledge as to authorize the grant of their motion for summary judgment. "Constructive knowledge may be inferred where there is evidence that an employee of the owner was in the immediate vicinity of the dangerous condition and could easily have noticed and removed the hazard. [Cit.] Liability based on constructive knowledge may *also* be established by showing that the owner failed to exercise reasonable care in inspecting the premises, but recovery under that approach requires proof of the length of time the dangerous condition was allowed to exist. [Cits.]" (Emphasis supplied.) *Hughes v. Hosp. Auth. of Floyd County*, 165 Ga. App. 530, 531 (301 SE2d 695) (1983). Appellants offered no evidence as to what inspection procedures, if any, were in effect during the time in question and no evidence as to whether there had been adherence to those procedures. Accordingly, the evidence did not eliminate appellees' possible recovery under the theory that, as the result of a failure to exercise reasonable care in inspecting the premises, appellants had actionable constructive knowledge of the presence of the foreign substance. See *Food Giant v. Cooke*, supra. Because appellants did not meet their evidentiary burden as to this theory, the burden did not shift to appellees to show the length of time that the oil had been allowed to remain on the floor. Compare *Newman v. Ruby Tuesday, Inc.*, 184 Ga. App. 827 (363 SE2d 26) (1987) (wherein plaintiff failed to rebut defendant's evidence that foreign substance had not been on floor long enough to give defendant a reasonable time and opportunity to remove it); *Mayfield v. All American &c. Foods*, 182 Ga. App. 711 (356 SE2d 745) (1987) (wherein defendant showed that floor had been swept shortly before plaintiff fell and plaintiff did not offer evidence as to how long the foreign substance had been allowed to remain on floor). It follows that the trial court correctly denied appellants' motion for summary judgment.

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED FEBRUARY 16, 1988 —
REHEARING DENIED MARCH 1, 1988.

*E. Davison Burch, Frederick A. Bading*, for appellants.
*Dennis T. Cathey*, for appellees.