75780. SHIVER et al. v. SINGLETARY et al.
(368 SE2d 523)

</div>

BANKE, Presiding Judge.

The Shivers sued Singletary and Roehm to recover damages arising from an injury Mr. Shiver suffered when he slipped and fell in a grocery store allegedly owned by a partnership comprised of the two defendants. This appeal is from the grant of the defendants' motion for summary judgment.

In support of their motion for summary judgment, the defendants relied on an affidavit submitted by Roehm and on Shiver's deposition. In his affidavit, Roehm averred that the floor in the part of the store where Shiver fell was sealant-coated concrete which was smooth but not slippery; that he had been unable to find any foreign substance on the floor in the area where Shiver said he fell; that the part of the store where the fall occurred was accessible to customers and to vendors as well as employees; and that he had no notice prior to the fall that any foreign substance was on the floor. Shiver testified in his deposition that he went to the back of the store to use the restroom; that the lighting was good, and the floor was dry and clear; that, as he walked through a set of swinging doors leading to the back of the store, "there was a guy on my right that was prepping turnips or collards or something of that nature"; that although he was looking at the floor as he walked the approximately 60 feet from the swinging doors to the restroom he saw nothing there before he fell; and that after he fell he saw what appeared to be a wet skid mark left by his boot. *Held*:

1. The grant of summary judgment to appellee Singletary has been acquiesced in by appellants, so the portion of the judgment in his favor is affirmed without discussion.

2. "Knowledge on the part of the proprietor that there is a foreign substance on the floor that could cause patrons to slip and fall may be either actual or constructive." *Alterman Foods v. Ligon*, 246 Ga. 620, 622 (272 SE2d 327) (1980). Although defendant Roehm's affidavit establishes without dispute that he had no actual knowledge of the presence of a foreign substance on the floor, it does not establish a lack of actionable constructive knowledge on his part. Accord *Winn-Dixie of Greenville v. Ramey*, 186 Ga. App. 257 (366 SE2d 785) (1988); *Food Giant v. Cooke*, 186 Ga. App. 253 (366 SE2d 781) (1988).

A lack of actionable constructive knowledge is normally established in such cases by evidence or compliance with reasonable inspection and/or cleaning procedures. See, e.g., *DeGracia v. Huntingdon Assoc.*, 176 Ga. App. 495 (1) (336 SE2d 602) (1985); *Kenny v. M & M Supermarket*, 183 Ga. App. 225 (358 SE2d 641) (1987); and *Mazur v. Food Giant*, 183 Ga. App. 453 (359 SE2d 178) (1987). No such evidence was presented in this case. Moreover, even had such evidence been offered, it would not necessarily have established a lack of actionable constructive knowledge on Roehm's part, given Shiver's testimony that the skid mark where he slipped appeared to be wet and that there was an individual standing nearby at the time "prepping" vegetables.

"[T]he proprietor may be held to have constructive knowledge if the plaintiff shows that an employee of the proprietor 'was in the immediate area of the dangerous condition and could have easily seen

the substance and removed the hazard.' " *Alterman Foods v. Ligon*, supra, 246 Ga. at 622. Accord *Fletcher v. Family Center*, 169 Ga. App. 376 (312 SE2d 856) (1983); *Piggly Wiggly Southern v. Erfourth*, 152 Ga. App. 468 (1) (263 SE2d 249) (1979). Shiver's testimony is both consistent with and suggestive of the hypothesis that there was a store employee standing in the immediate vicinity washing vegetables shortly prior to his fall, who may have been responsible for the presence of moisture on the floor. We do not mean to imply that this testimony would be sufficient to create a jury question on the constructive knowledge issue during the trial of the case, when the burden of proof would be on the plaintiff. However, on motion for summary judgment the burden was on defendant Roehm, as movant, to come forward with evidence tending to show that he did *not* have constructive knowledge of the presence of the alleged hazard, and this he clearly failed to do.

"On a motion for summary judgment the burden of establishing the non-existence of any genuine issue of fact is upon the moving party and all doubts are to be resolved against the movant. *The movant has that burden even as to issues upon which the opposing party would have the trial burden,* and the moving party's papers are carefully scrutinized, while the opposing party's papers, if any, are treated with considerable indulgence." *Ham v. Ham*, 230 Ga. 43, 45 (195 SE2d 429) (1973). (Emphasis supplied.) See generally OCGA § 9-11-56 (c). "To entitle the defendant to a summary judgment the undisputed facts as disclosed by the pleadings and evidence must negate at least one essential element entitling plaintiff to recovery . . . *under every theory fairly drawn from the pleadings and evidence* (cits.) and, if necessary, prove the negative or nonexistence of an essential element affirmatively asserted by the plaintiff. (Cits.) And until movant has made a prima facie showing by evidence which demands a finding in his favor as to the particular matter, there is no duty upon the opposing party to produce rebuttal evidence. (Cits.)" *Henderson v. Atlanta Transit System*, 133 Ga. App. 354, 356 (210 SE2d 845) (1974). (Emphasis from original.) Accord *Epps Air Svc. v. DeKalb County*, 147 Ga. App. 195, 196 (248 SE2d 300) (1978).

The appellees rely upon this court's recent decisions in *Bright v. Food Giant*, 177 Ga. App. 641 (340 SE2d 272) (1986), and *Newman v. Ruby Tuesday, Inc.*, 184 Ga. App. 827 (363 SE2d 26) (1987), as authority for the proposition that where a defendant in a "slip and fall" case moves for summary judgment and offers evidence tending to establish that he had no actual knowledge of the presence of the alleged hazard, the burden shifts to the plaintiff to come forward with evidence which either creates a factual dispute on that issue or tends to show that the defendant at least had constructive knowledge of the presence of the hazard. However, the plaintiff, as respondent on mo-

tion for summary judgment, cannot properly be called upon to offer proof of actionable constructive knowledge on the part of the defendant until the defendant, as movant, has come forward with evidence tending to negate the existence of such knowledge. To the extent that *Bright v. Food Giant*, supra, and *Newman v. Ruby Tuesday, Inc.*, supra, may be read as authority altering this burden of proof on motion for summary judgment, they are hereby overruled; and the grant of summary judgment to defendant Roehm in this case is hereby reversed.

*Judgment affirmed in part and reversed in part. McMurray, P. J., Carley and Pope, JJ., concur. Beasley, J., concurs specially. Birdsong, C. J., Deen, P. J., Sognier and Benham, JJ., concur in part and dissent in part.*

BENHAM, Judge, concurring in part and dissenting in part.

Although I concur with the affirmance of the judgment in favor of Singletary, and agree with the majority that Roehm's lack of actual knowledge of any hazard was established by the record, I cannot agree that the evidence did not establish a lack of constructive knowledge as well. It is not enough to look only at the affidavit of one of the defendants and say that the affidavit does not establish a lack of constructive knowledge. We must look also at the deposition of Shiver. It is established there that the floor appeared to be clear and dry. Shiver walked past the same spot on the way to the rest room without any problem, but fell on his way back. If the hazard came to be on the floor after he had passed, but before he returned, a time established by Shiver as two or three minutes, it can hardly be said that it was there long enough for Roehm to be charged with knowledge of its existence.

I cannot agree with the majority that the evidence warrants an inference that a store employee could have seen the hazard or placed it there. Shiver testified that he entered the back of the store and turned to his left to go to the rest room, and that he saw an employee off to his right working at a table "prepping" some kind of vegetable. The employee was not, from what Shiver said, in a position to put anything in Shiver's path. In addition, there was no vegetable matter found by Shiver or by any agent of appellee in the area where Shiver fell. Shiver stated that there appeared to be water on the skid mark he made when he fell, but there is nothing in the record to indicate that any employee of the store was using water in the area. The majority's assertion that Shiver's testimony is "consistent with and suggestive of the hypothesis that there was a store employee standing in the immediate vicinity washing vegetables shortly prior to his fall, who may have been responsible for the presence of moisture on the floor" is totally without evidentiary support. Shiver said there was an

employee "on" his right as he went to the rest room; since there is no evidence to establish the dimensions of the space through which Shiver was walking, that testimony does not establish that the employee was in Shiver's immediate vicinity. Shiver's testimony concerning the employee's activity was that the employee was "prepping" or "working on" some kind of vegetable. There is no evidence in the record that "prepping" vegetables means washing them, and this court is not empowered to assume that it does. Shiver had just come from the rest room, and it is as valid to infer that he somehow got his foot wet there as it is to infer that a store employee was responsible. Concluding that a store employee could see anything on the floor or placed anything there is a mere supposition rather than an inference.

To reverse the judgment in favor of Roehm and to overrule *Newman v. Ruby Tuesday, Inc.*, 184 Ga. App. 827 (363 SE2d 26) (1987), and *Bright v. Food Giant*, 177 Ga. App. 641 (340 SE2d 272) (1986), is to abandon the basic principle that an owner's superior knowledge of the hazard is essential to his liability. The majority's position is that whenever employees are anywhere near a fall, whether the cause of the fall can be ascertained beforehand or not, the owner may be liable. That is not the law of this State, and I cannot join in making it so. "[The majority] seeks to invoke a conclusion that because [appellee's employee was] present near the scene of the slip and fall [appellee] constructively was aware of the dangerous situation caused by the slippery substance. The fallacy of the supposition of constructive knowledge is that the condition must in fact exist and for a sufficient period of time in the immediate vicinity of the proprietor's agents so that constructive knowledge may be imposed. [Cit.]" *Kenny v. M & M Supermarket*, 183 Ga. App. 225, 226 (358 SE2d 641) (1987).

*Bright* does not purport to change the burden of proof in slip and fall cases; it merely held that where all the evidence points to a lack of knowledge, and the plaintiff cannot counter that lack of knowledge, the defendant is entitled to judgment. While *Bright* might be clearer in holding that the defendant had already pierced the allegations of the complaint and shifted the burden to the plaintiff, *Newman* is not subject to that criticism. It is clear from the opinion in that case that the defendant submitted sufficient evidence to the trial court to show a lack of both actual and constructive knowledge of the defect. That is the situation in this case. I must, therefore, dissent to the reversal of the judgment in favor of Roehm.

I am authorized to state that Chief Judge Birdsong and Judge Sognier join in this opinion.

BEASLEY, Judge, concurring specially.

I concur in the judgment only, because there is evidence which would support a reasonable inference that what plaintiff slipped on

was water coming from the employee's activity of "prepping" vegetables, indicating some lack of care.

Thus this case differs from *Bright v. Food Giant*, 177 Ga. App. 641 (340 SE2d 272) (1986) and *Newman v. Ruby Tuesday, Inc.*, 184 Ga. App. 827 (363 SE2d 26) (1987), where there was no evidence to support an inference that the foreign substance was on the floor due to the action of defendant or one of its employees. As quoted in *Bright*, supra at 642: "Georgia courts have uniformly held that where the customer slips on a substance placed on the floor *by others than the owner*, it is necessary to prove that the defendant had knowledge or that under the circumstances he was chargeable with constructive knowledge of its existence.' [Cits.]" (Emphasis supplied.) These two cases should not be overruled.

DECIDED MARCH 18, 1988 —
REHEARING DENIED APRIL 1, 1988 —

*B. B. Earle, Jr.*, for appellants.
*William C. Sanders*, for appellees.