## 76390. BALDWIN COUNTY HOSPITAL AUTHORITY
## v. CONEY.
### (373 SE2d 252)

SOGNIER, Judge.

Christine Coney brought an action against the Baldwin County Hospital Authority to recover damages arising out of her slip and fall on the premises of a hospital operated by the authority. The trial court denied the authority's motion for summary judgment but certified its ruling for immediate review, and we granted this interlocutory appeal.

The record reveals that appellee had visited her son who was hospitalized at appellant's facility. She exited the elevator on the main floor and walked a few feet toward the exit when she fell. Her complaint alleged that she slipped and fell "on a slick substance which had been left on the floor by employees of the hospital," thereby breaking her leg. This was an allegation that appellant's employees had themselves left the substance on the floor, and that consequently appellant, through its employees, had *actual* knowledge that there was water on the floor. See *Alterman Foods v. Ligon*, 246 Ga. 620, 624 (272 SE2d 327) (1980).

1. In its motion for summary judgment, appellant proffered no evidence to pierce that allegation. It simply argued to the trial court that appellee had not proved that appellant *had* the knowledge alleged, and that therefore it was entitled to summary judgment. Appellant puts forth the same contention in this court, relying on this court's decisions in *Bright v. Food Giant*, 177 Ga. App. 641 (340 SE2d 272) (1986) and *Newman v. Ruby Tuesday, Inc.*, 184 Ga. App. 827 (363 SE2d 26) (1987). We find this reliance to be misplaced. First, neither of those cases dealt with actual knowledge of a foreign substance on the floor. In *Bright*, we noted that "appellants concede that there is no evidence that appellee had actual knowledge of the 'slick spot.'" Id. at 642. In *Newman*, it was "uncontroverted that appellee did not have actual knowledge of any foreign substance on the floor which may have caused appellant's fall." Id. at 828. In the case sub judice, in contrast, we are presented with an allegation of actual knowledge on the part of appellant-defendant, which allegation, although denied in the answer, must be rebutted and pierced upon motion for summary judgment.

Second, neither *Bright* nor *Newman* should be read as placing an initial burden on the plaintiff, as respondent on motion for summary judgment, of coming forward with evidence to support the allegations in the complaint. In *Bright*, the plaintiff's allegation supporting recovery was that constructive knowledge should be imputed to the defendant because one of the store's employees was in the area when she fell and could easily have seen the foreign substance on the floor.

*Bright* holds not that the plaintiff had the burden of proving this, but that where "it is uncontroverted that the 'slick spot' could not be seen from that employee's station" and "could not be detected merely by looking at the floor," id. at 641, and no question of "reasonable inspection" had been raised, the defendant-movant had sufficiently disproved the alleged constructive knowledge to warrant summary judgment. In *Newman*, appellant alleged that the presence of restaurant employees in the vicinity at the time she fell was sufficient to impute constructive knowledge to defendant. Defendant, in moving for summary judgment, carried its burden by relying in part on plaintiff's depositions, which this court found supported defendant's contentions that no employees were in the vicinity. Thus, both cases held simply that the specific allegations of constructive knowledge had been sufficiently pierced to shift the burden to the plaintiff to come forward with evidence which could create an issue of fact. As each plaintiff did not come forward with such evidence, each defendant was properly granted summary judgment.

There is no general statement that can be made as to what every defendant in every slip and fall case must necessarily show in supporting a motion for summary judgment in order to "carry its burden" on such a motion. Although it is axiomatic that "[o]n a motion for summary judgment the burden of establishing the non-existence of any genuine issue of fact is upon the moving party and all doubts are to be resolved against the movant," *Ham v. Ham*, 230 Ga. 43, 45 (195 SE2d 429) (1973), exactly *what* facts the movant must rebut can only be determined by reference to what particular facts have been pleaded or otherwise shown by the record in each individual case. OCGA § 9-11-56 (c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions *on file,* together with the affidavits, if any, show" no genuine issue of material fact. (Emphasis supplied.) Thus, when the defendant in a slip and fall case moves for summary judgment, the plaintiff has no initial burden of coming forward with *any* evidence. But where there is no *evidence* in the record supporting the plaintiff's claim that defendant is liable, the plaintiff must at least have *alleged* facts entitling him or her to recovery. Where there is no allegation of a particular fact, and no evidence showing such a fact, the movant need not disprove that fact, in order to prevail.

Thus, it is only to the extent that actual knowledge or constructive knowledge is alleged as a fact entitling the plaintiff to recovery, that the defendant-movant must refute that particular allegation by coming forward with evidence negating the plaintiff's right to recover based on the alleged facts. If the plaintiff has alleged that the defendant had actual knowledge of a defect, as in the case at bar, the defendant-movant must proffer some evidence that it did not know of

the defect, in order to proceed toward summary judgment. It is not necessary, however, for the defendant-movant to come forward with evidence negating facts which have not been *alleged,* or which may not be fairly drawn from the allegations in the pleadings. The "burden" is on the plaintiff to make allegations which will support recovery if true. The defendant must then "pierce" those allegations — i.e., show that the allegations are not true — as the next step in the summary judgment process.

We do not forget that the Georgia Civil Practice Act, OCGA § 9-11-1 et seq., authorizes notice pleading. Thus, even the most general or conclusory allegation of fact will suffice, and must be rebutted. Similarly, even though not alleged, if there are facts shown by the record (proffered by any party) which would support recovery, even if the plaintiff has not pled them, these facts must be rebutted by the defendant-movant in order to prevail upon motion for summary judgment. But we do not cast upon the defendant-movant the burden of rebutting or disproving facts or theories which are not alleged, may not be fairly drawn from the allegations which are made, nor shown by any evidence in the record, in order to prevail on motion for summary judgment. That was the reason for this court's affirmance of the trial court's grant of summary judgment in *Bright* and *Newman,* supra.

Applying the general principles discussed above to the case at bar, we find that appellee alleged in her complaint that appellant had actual knowledge of a slick substance on the floor upon which she fell. Thus, regardless of any other allegations, in order to proceed further upon motion for summary judgment, appellant was required to pierce that allegation by offering some proof of its lack of actual knowledge. Because it failed to do so, appellee was required to do nothing further, and consequently the trial court properly denied appellant's motion for summary judgment.

2. We note that the confusion regarding burdens of proof on summary judgment in slip and fall cases has been compounded immeasurably by the practice of this court, to which this author is not immune, of citing cases standing for perfectly valid principles of law, but which lead to misperceptions regarding burdens because they are not similar procedurally to the case being decided. An example of this is our citation to *Mitchell v. Food Giant,* 176 Ga. App. 705 (337 SE2d 353) (1985), a directed verdict case, in *Newman,* supra, which dealt with summary judgment, and to *Lend Lease Transp. Co. v. McBride,* 169 Ga. App. 902 (315 SE2d 449) (1984), a jury verdict case, in *Bright,* supra, a summary judgment decision. The list of such confusing cross-citation is long, and includes such decisions as *Kenny v. M & M Supermarket,* 183 Ga. App. 225 (358 SE2d 641) (1987), and *Rush v. Food Giant,* 183 Ga. App. 388 (358 SE2d 919) (1987), which,

although summary judgment cases themselves, also rely on *Mitchell,* supra; *Food Giant v. Cooke,* 186 Ga. App. 253 (366 SE2d 781) (1988), a summary judgment case, which cites *Hughes v. Hosp. Auth. of Floyd County,* 165 Ga. App. 530 (301 SE2d 695) (1983), a directed verdict case, in its discussion of what proof is required to establish constructive knowledge; and even the seminal case of *Alterman Foods v. Ligon,* supra, a summary judgment case which, in its analysis of what the plaintiff in a slip and fall action must show, cites numerous jury verdict cases, including *Winn-Dixie Stores v. Hardy,* 138 Ga. App. 342 (226 SE2d 142) (1976) and *Sears, Roebuck & Co. v. Reid,* 132 Ga. App. 136 (207 SE2d 532) (1974). This is not to imply that all these citations are inappropriate, but only that it has become obvious that at least some litigants have read into these citations an intention on this court's part to change the burdens upon litigants in a summary judgment posture, a change which was not intended by this court. It behooves this court to acknowledge and correct this problem by carefully distinguishing the procedural aspects of the cases we cite if they are not entirely apt, although the cited case stands for a valid and appropriate proposition of law. See, e.g., *Winn-Dixie of Greenville v. Ramey,* 186 Ga. App. 257 (366 SE2d 785) (1988), where this was done in Division 1.

*Judgment affirmed. Birdsong, C. J., Deen, P. J., McMurray, P. J., and Pope, J., concur. Beasley, J., concurs in judgment only. Banke, P. J., Carley, and Benham, JJ., concur specially.*

BANKE, Presiding Judge, concurring specially.

I agree that the defendant's motion for summary judgment was properly denied. However, I am not persuaded by the majority's efforts to redeem *Bright v. Food Giant,* 177 Ga. App. 641 (340 SE2d 272) (1986), and *Newman v. Ruby Tuesday, Inc.,* 184 Ga. App. 827 (363 SE2d 26) (1987). For the reasons expressed in *Shiver v. Singletary,* 186 Ga. App. 746 (368 SE2d 523) (1988), I continue to believe those cases constitute a source of inconsistency and confusion in the law with respect to the summary adjudication of "slip-and-fall" claims involving constructive knowledge; and I would consequently overrule them.

"The basis of the proprietor's liability is his superior knowledge, or his superior opportunity to discover a dangerous condition, as compared with the opportunity of his invitee." *Belk-Gallant Co. v. Cordell,* 107 Ga. App. 785, 788 (131 SE2d 575) (1963). To allege that a proprietor had superior "constructive knowledge" of a condition is simply another way of alleging that he had a superior "opportunity to discover" it. Such an allegation may be supported by evidence tending to prove that the condition had existed on the premises long enough to have been detected through adherence to reasonable in-

spection procedures; conversely, such an allegation may be negated by evidence showing that reasonable inspection procedures were in fact followed on the occasion in question. See, e.g., *Food Giant v. Cooke*, 186 Ga. App. 253, 256 (366 SE2d 781) (1988); *Winn-Dixie of Greenville v. Ramey*, 186 Ga. App. 257, 259 (366 SE2d 785) (1988).

Where the defendant-proprietor in a slip-and-fall case moves for summary judgment in the face of an allegation that he had superior constructive knowledge of the condition which caused the injury, he may be required to negate the "inadequate inspection" theory of liability regardless of whether it has been specifically alleged; for it is his burden as movant to "negate at least one essential element entitling plaintiff to recovery . . . *under every theory fairly drawn from the pleadings and evidence* (cits). . . ." *Henderson v. Atlanta Transit System*, 133 Ga. App. 354, 356 (210 SE2d 845) (1974). (Emphasis from original.) Yet, as I read this court's decisions in *Bright v. Food Giant* and *Newman v. Ruby Tuesday, Inc.*, they hold that an allegation of constructive knowledge may be summarily rejected in a slip-and-fall case based upon the mere *absence* from the record of evidence tending to support the inadequate inspection theory of liability, rather than upon the *presence* of evidence tending to negate it. See *Shiver v. Singletary*, supra, 186 Ga. App. at 748-749. Such a standard of review would normally be improper on motion for summary judgment in that it would shift the burden of proof with respect to a material issue from the movant to the respondent.

Only in the rare event that a claimant-respondent, after being furnished a full and fair opportunity to do so, has demonstrated a complete inability or unwillingness to support an essential element of his case with respect to which he will have the burden of proof at trial is there authority for granting summary judgment to a defendant-movant based on the mere *absence* from the record of evidence supporting the claim. See, e.g., *Celotex Corp. v. Catrett*, 477 U. S. 317 (106 SC 2548, 91 LE2d 265) (1986); *Munna v. Lewis*, 181 Ga. App. 860 (2) (354 SE2d 181) (1987); *Martin v. Newman*, 162 Ga. App. 725 (1), 726 (293 SE2d 18) (1982). While the plaintiff in the present case has yet to come forward with evidence supporting the allegations of her complaint, there has been no suggestion that she is unwilling or unable to do so, nor were such circumstances shown in *Bright v. Food Giant* or *Newman v. Ruby Tuesday, Inc.*, supra.

I am authorized to state that Judge Benham joins in this special concurrence.

CARLEY, Judge, concurring specially.

I concur with Presiding Judge Banke's well reasoned special concurrence with the exception of the last paragraph thereof. I totally agree with the conclusion that *Bright v. Food Giant*, 177 Ga. App. 641

(340 SE2d 272) (1986) and *Newman v. Ruby Tuesday, Inc.*, 184 Ga. App. 827 (363 SE2d 26) (1987) should be overruled for the reasons so clearly set forth by Presiding Judge Banke. My problem with the last paragraph of the special concurrence is that this summary of the preceding excellent analysis conditions claimant's responsibility to produce additional evidence upon his "being furnished a full and fair opportunity to do so. . . ." That phrase is really meaningless in the procedural context of a motion for summary judgment. The real triggering event is the production by the movant-defendant of sufficient evidence to negate an essential element of plaintiff's cause of action. Then, and only then, will the burden shift to the claimant-respondent. See generally *Food Giant v. Cooke*, 186 Ga. App. 253 (366 SE2d 781) (1988); *Winn-Dixie of Greenville v. Ramey*, 186 Ga. App. 257 (366 SE2d 785) (1988).

DECIDED SEPTEMBER 9, 1988.

*C. Ashley Royal, Jerry A. Lumley*, for appellant.
*Richard B. Thornton*, for appellee.