23998. CITY OF ATLANTA *v.* KEISER.

*J. L. Mayson, C. S. Winn, J. C. Savage,* for plaintiff in error.

*Ralph R. Quillian, Dillon, Calhoun & Dillon,* contra.

GUERRY, J. Mrs. Augustus C. Keiser brought suit against the City of Atlanta for damages and was awarded a verdict. Her action was predicated on the alleged negligence of the City of Atlanta in failing to properly maintain one of its alleged public streets, by reason of which she was injured while riding in an automobile driven by her husband. This street was situated as follows: The City of Atlanta owned an entire block, bounded on the North by Tenth Street, on the East by Boulevard, on the South by Eighth Street, and on the West by Parkway Drive. This block was devoted entirely to school purposes, the buildings of the Boys' and Tech High Schools being located thereon. From Tenth Street, on the north, a road led into the grounds and terminated at a building known as the armory or gymnasium, which was situated within the block. This is the street upon which the plaintiff was injured as she entered the grounds to attend a parent-teachers meeting.

This case has presented to us many complexities. We have spent much time searching for some direct authority upon which to base a decision. None has yet been found. This being an action in tort against a municipal corporation, we have consulted many learned authors who have written text-books upon the subject, and cases not only in this State but in other jurisdictions, in order to determine when and why a municipal corporation is liable for neglect. In doing this the history, nature, and functions of our modern municipal corporation have been carefully considered. To paraphrase the language of the learned judge in *Atlantic Coast Line R. Co.* v. *Daniels,* 8 *Ga. App.* 775 (70 S. E. 203), we have read of "governmental functions" and "ministerial functions," of "public streets" and "private ways," of "dedication" and "prescription," until eyes have grown weak with reading and brain fagged out with trying to understand what learned judge after learned judge and learned law writer after learned law writer have said on these sub-

602

jects. "But the thought comes to us that one may live in sight of the ocean, may sail upon it, may know its moods in the calm and in the storm, and yet not be able to answer some simple question as to a cup of cold water. He who so oft had studied with most critical and intelligent eyes the profusion of flowers in which England's gardens and fields abound confessed how little he knew of the 'all in all' of the single and insignificant flower which he plucked from the crannied wall." We say this much for the reason that our conclusion is short, is supported by no citations, and contains only a few of the many principles that we have studied in connection with this case.

Strictly speaking, a municipal corporation is an institution designed to regulate and administer the mere local or internal concerns of the incorporated place, in matters which pertain and have peculiar reference to it and its citizens, and in which the municipality does not act for the benefit of the people of the State at large. However in this country it appears that in many jurisdictions municipal corporations, or their officers, are made agents or functionaries of the State, for the exercise, on its behalf, of public, in addition to, corporate duties. On this difference our courts, in determining the liability of a municipal corporation for acts of negligence, have placed much stress and much importance, thereby making it at all times necessary to keep in mind the distinctions between the exercise of these two functions. As has been pointed out by our own courts, a municipal corporation thus takes on a dual character,—that is, as to acts done in its governmental capacity and as to those done in its corporate or private capacity. In the performance of the first class they are clothed with the same attributes as the sovereign State itself and are afforded complete immunity from liability for acts of negligence. However, in the performance of its corporate or private duties and powers they are held to the same liability as any other private corporations under like circumstances. It is well settled in our State and in a majority of others that a municipal corporation is liable for negligence in the construction and maintenance of its public streets, although this rule of liability has been termed an "illogical exception" to the general rule. We first considered this case from the viewpoint of assuming that the street upon which the plaintiff was injured did constitute a public street. Yet would not the construction

and upkeep of such a street, it being situated entirely on property owned by the city and devoted solely to school purposes and maintained for the general public *only* in the sense that it was open to all those having business or desiring access to the school buildings, be a governmental function, thereby relieving the city from liability for injuries caused thereon; for governmental functions generally consist of those duties that are imposed upon them as representatives of the State, duties relating to the public peace, health, safety, and education? In further considering the case, however, we reached the conclusion that a street of the above character could not be termed a "public street" for which the municipal corporation could be held liable. The street itself, as has already been stated, was situated entirely on property owned by the city which was devoted solely to school purposes; it did not lead through the block as a means of access to another street or other portion of the city, but led only to one of the buildings situated on the school grounds, and then returned to the same entrance. No rights vested in the general public by reason of its construction. No property rights would be affected and no reason exists why the city could not close it at will. Had the city been using the grounds at the time of the injury to the plaintiff for some other purpose than in connection with the school,—such as renting it for a public occasion for hire,—considering the plaintiff as an invitee a different question would be presented, but the plaintiff's petition and evidence show that she was using the roadway for the purpose of attending a parent-teachers meeting in one of the buildings. The city not being liable under the rule with reference to public streets, neither would it be liable upon the theory that the plaintiff was an invitee upon its property; for the upkeep and maintenance of public school grounds is a governmental function, the same as the upkeep and maintenance of the buildings themselves. We believe our conclusion to be in harmony with the reasons underlying the rule with reference to the liability or nonliability of municipal corporations for acts negligent, and therefore hold that the court erred in overruling the motion for new trial on the general grounds.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*