## 29043. JOHNSON *v.* MAYOR & ALDERMEN OF THE CITY OF SAVANNAH.

DECIDED OCTOBER 4, 1941. REHEARING DENIED NOVEMBER 22, 1941.

218

220

*Shelby Myrick,* for plaintiff.

*Spence M. Grayson, Joseph C. Hester,* for defendant.

FELTON, J. (After stating the foregoing facts.) The sole question is whether the petition sets out sufficient facts to authorize the conclusion that the bridge leading from Bay Street to the second story of the building on Factor's Walk, No. 208, was a part of the public sidewalks of the City of Savannah. It is not alleged in the petition that the City erected or maintained the bridge. The city's contention is that in the absence of such an allegation it follows that the bridges were erected by the owners of the buildings for their own convenience and that of their customers, and not for the benefit of the general public. If this is true the case would come under the ruling in *City of Atlanta* v. *Keiser,* 50 *Ga. App.* 600 (179 S. E. 192). If the bridge was not a public sidewalk, or its equivalent, the city would not be liable to a person upon the bridge for the purpose of negotiating with city authorities on the subject of a matter involving a governmental function, such as was involved in this case. The situation would be the same as if the plaintiff had attempted to go to No. 208 by way of a private stairway leading from the sidewalk to No. 208, one story above, provided of course that the stairway was not shown to be a part of a public sidewalk. If the bridge was a part of the public sidewalks of the City of Savannah the city would be liable for the alleged negligence regardless of what the plaintiff's purpose was in crossing the bridge. It would be liable if the plaintiff had been going to No. 208 on her own private business, whether the city rented the building or not.

The city contends that the petition shows on its face that the bridge in question was not a part of the public sidewalks of the

city. This contention is not well founded. The petition alleges that "there is no other way to get from Bay Street to the said buildings across Factor's Walk except by use of such bridges." If this allegation is true by reason of the fact that it is necessary for the public to use a part or all of the bridge in question in order to go from Bay Street to the level of Factor's Walk, it would seem that the bridge so used would be a part of the public sidewalks of the city whether the city erected or maintained the bridge or not, as the bridge would be a part of a public way leading from one public sidewalk to another public sidewalk across a public street, and under such circumstances it would be the duty of the city to provide for the safety of the bridge. This court can not anticipate what the evidence in the case will be, and must be governed by the allegations of the petition. The above-quoted allegation, together with others relating to the public use of the bridge, are sufficient to withstand a general demurrer. The petition set forth a cause of action and the court erred in sustaining the general demurrer and in dismissing the action.

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*