### 56863. HARRIS v. WHITE et al.

BANKE, Judge.

This is a suit for damages for trespass to real property allegedly owned by the plaintiff. The plaintiff alleged in his complaint the defendants wrongfully directed the property to be levied upon pursuant to a judgment against a third party, Lee Harris. The plaintiff further alleged that as a result his land was wrongfully entered upon and sold at public outcry. The defendants answered, admitting having caused the land to be levied upon by the sheriff but neither admitting nor denying that it was the plaintiff's property. The defendants moved for summary judgment and submitted an affidavit in support of the

motion, stating that they had obtained a judgment against Lee Harris; that they had advised the sheriff to levy upon certain real property based on that judgment; and that the sheriff levied upon the land "as the land of Lee Harris." The defendant stated further, " . . . I have examined the real property in Norcross as described by the plaintiff in paragraph 5 of his complaint. From my examination, I find this property to be a vacant lot and I further find no evidence of any damage sustained by the real property . . ." The plaintiff's attorney filed an affidavit in opposition to the motion for summary judgment, stating that he had examined the title to the property and that the plaintiff was the title owner, not Lee Harris, at the time of the levy. The court granted summary judgment to the defendants, stating in its order that there exists no question of fact; and the plaintiff appeals. *Held:*

On a motion for summary judgment, the burden is on the movant to produce evidence which eliminates all of the material factual issues in the case, even those which the opposing party would have the burden of proving at trial, and the opposing party is given the benefit of all reasonable doubts and all favorable inferences. Once the movant eliminates all issues, the burden *then* shifts to the opposing party to show the existence of issues of fact for the jury. See *Stephens County v. Gaines,* 128 Ga. App. 661 (197 SE2d 424) (1973). In this case, the defendants' affidavit failed to eliminate any issue; therefore, the burden did not shift back to the plaintiff. Issues of fact still exist as to whether the land levied upon was in fact the plaintiff's and as to the measure of damages for the alleged trespass. See *McDougald v. Dougherty,* 12 Ga. 613 (1852) and Code Ann. § 105-1401. Therefore, the court erred in granting summary judgment to the defendants.

*Judgment reversed. Deen, P. J., and Smith, J., concur.*

SUBMITTED NOVEMBER 13, 1978 —
DECIDED FEBRUARY 1, 1979.

*Peters & Thompson, Robert E. Bray, James E. Thompson,* for appellant.

*Jones & Clark, Lewis N. Jones,* for appellees.