## 76521. HILSMAN v. KROGER COMPANY.
### (370 SE2d 755)

DEEN, Presiding Judge.

The appellant, Judith Hilsman, commenced this action against Kroger Company to recover damages for a broken wrist she sustained when she slipped and fell while grocery shopping. The trial court granted summary judgment for Kroger, and this appeal followed.

On March 21, 1986, around noon, Hilsman slipped and fell as she was walking down the frozen food aisle. The store's co-manager happened to be in the next aisle, heard the fall, and went around to the frozen food aisle to help Hilsman. He noticed five frozen peas on the floor. Another shopper witnessed the slip and fall, and claimed that frozen peas and carrots, still with ice on them, were on the floor. Hilsman testified in her deposition that after her fall she noticed frozen peas, ice, and some water on the floor.

The co-manager stated that he had been unaware of the spillage of the peas prior to Hilsman's fall, and that no one had reported it.

He explained that store management policed the floors for any foreign substances and called for clean-up of any messes, but he could not remember if he had inspected the frozen food aisle at any time that day prior to Hilsman's fall. The store employee in charge of re-stocking the frozen foods routinely checked the displays shortly before he left, but this employee had gotten off work at 11:30 a.m. on the day of the incident. *Held:*

1. Hilsman contends that the trial court erred in granting summary judgment for Kroger, because a factual issue existed as to Kroger's constructive knowledge of the spilled peas on the floor. We agree.

Concerning slip and fall cases, we have read of "superior knowledge," "actual knowledge," "constructive knowledge," "reasonable care in inspecting the premises," and "exercise of ordinary care" "until [our] eyes have grown weak with reading and brain fagged out with trying to understand what learned judge after learned judge· and learned law writer after learned law writer have said on these subjects. 'But the thought comes to us that one may live in sight of the ocean, may sail upon it, may know its moods in the calm and in the storm, and yet not be able to answer some simple question as to a cup of cold water. He who so oft had studied with most critical and intelligent eyes the profusion of flowers in which England's gardens and fields abound confessed how little he knew of the "all in all" of the single and insignificant flower which he plucked from the crannied wall.' " *City of Atlanta v. Keiser*, 50 Ga. App. 600, 601-602 (179 SE 192) (1934).

Generally, in order to state a cause of action in a slip and fall case involving a foreign substance on the floor, the plaintiff must show that the defendant had actual or constructive knowledge of the presence of the foreign substance, and that the plaintiff was without equal knowledge. *Alterman Foods v. Ligon*, 246 Ga. 620 (272 SE2d 327) (1980). Constructive knowledge may be inferred where there is evidence that an employee of the defendant was in the immediate vicinity and could easily have noticed and removed the substance, or that the defendant failed to exercise reasonable care in inspecting the premises. *Mitchell v. Food Giant*, 176 Ga. App. 705 (337 SE2d 353) (1985).

2. In moving for summary judgment in the instant case, Kroger had the burden of showing that no genuine issue of fact existed as to its lack of actual or constructive knowledge of the frozen peas on the floor. *Food Giant v. Cooke*, 186 Ga. App. 253 (366 SE2d 781) (1988); *Winn-Dixie of Greenville v. Ramey*, 186 Ga. App. 257 (366 SE2d 785) (1988). The store co-manager testified by deposition that the store management did police the floors, but he did not specify how frequently such inspection occurred, and, more importantly, he could

not remember if he or anyone else had inspected that particular frozen food aisle at any time that day before the fall. The co-manager also explained that another employee had the responsibility of checking the frozen food sections and re-stocking them shortly before he got off from work, which on the day of the incident was 11:30 a.m. This evidence failed to negate the possibility that Kroger, even if it had a general routine of inspection, did not exercise reasonable care in inspecting the property in this instance. *Food Giant v. Cooke*, supra; *Winn-Dixie of Greenville v. Ramey*, supra. Likewise, the fact that the peas were still frozen at the time Hilsman fell did not rule out the possibility that the peas had remained on the floor long enough for Kroger to have discovered the spillage in the exercise of reasonable care in inspecting the premises.

The evidence also did not demand a finding that Hilsman, in the exercise of ordinary care for her own safety, should have been aware of the peas on the floor. Accordingly, the trial court erred in granting summary judgment for Kroger.

*Judgment reversed. Carley, J., concurs. Sognier, J., concurs specially.*

SOGNIER, Judge, concurring specially.

I concur specially to note that the majority here, as have I in earlier opinions, cites as authority in an appeal from a grant of summary judgment a case that procedurally involves an appeal from the direction of a verdict. While the principles of law for which such a case is cited are often equally applicable in all slip and fall cases regardless of the procedural status of the case, the burden of proof on the parties differs according to that procedural status. Reference to authorities such as *Mitchell v. Food Giant*, 176 Ga. App. 705 (337 SE2d 353) (1985), cited in this case and in *Newman v. Ruby Tuesday, Inc.*, 184 Ga. App. 827 (363 SE2d 26) (1987), should not be misread as indicating any change in the law of summary judgment as it relates to the burden of proof on the movant. The rule has been, and continues to be, that on motion for summary judgment, regardless of which party would have the burden of proof at trial, if a material fact has been alleged in the complaint, can be reasonably drawn from the pleadings, or has been raised by the evidence placed in the record by any party, the defendant-movant has the burden of proving the nonexistence of that fact and it is not until the movant carries its own burden that the burden then shifts to the plaintiff-respondent. See *Showalter v. Villa Prado Assoc.*, 182 Ga. App. 705 (356 SE2d 895) (1987); *Colbert v. Piggly Wiggly Southern*, 175 Ga. App. 44, 49 (3) (332 SE2d 304) (1985); *Alterman Foods v. Ligon*, 246 Ga. 620, 625 (272 SE2d 327) (1980); see generally *Jacobsen v. Muller*, 181 Ga. App. 382, 384 (352 SE2d 604) (1986); *Harris v. White*, 148 Ga. App. 862,

863 (253 SE2d 249) (1979); *Evans v. Bibb Co.*, 178 Ga. App. 139, 140 (1) (342 SE2d 484) (1986).

DECIDED MAY 19, 1988 —
REHEARING DENIED JUNE 21, 1988 — 

*Larry W. Thomason*, for appellant.
*Robert C. Semler, Johannes S. Kingma*, for appellee.