A92A0358. YOUNG v. YMCA OF METROPOLITAN ATLANTA, INC.
(419 SE2d 97)

SOGNIER, Chief Judge.

Dorothy Young brought suit against YMCA of Metropolitan Atlanta, Inc. seeking damages for injuries she incurred when she slipped and fell on YMCA premises. The trial court granted YMCA's motion for summary judgment, and Young appeals.

Appellant's deposition was originally taken in a suit she had previously filed against appellee and dismissed without prejudice. After the filing of the instant suit, appellee sought and obtained an order from the trial court making the deposition part of the record in the case sub judice. In that deposition, appellant stated that for several years she had been attending aquatic exercise classes up to five times a week at appellee's facilities. After class, she would shower, dry off, then leave the tiled shower area by walking through an open threshold and down one step to the dressing area. Although the record is unclear whether the threshold area and step had been included in recent remodeling undertaken by appellee, the record is uncontroverted that appellant had traversed the threshold area for several weeks after the remodeling had been completed. Appellant was injured when, after participating in a class, showering, and drying off, her feet slipped out from under her as she stepped down from the shower room to the dressing room. Appellant originally ascribed her fall to the presence of soapy water left on the step down by a woman appellant saw departing the shower area just before her.

However, in the errata sheet to her deposition, appellant retracted her statements that there was any substance on the step down, explained she did not mean to indicate that a substance caused her fall, and instead corrected her deposition statements to reflect that she ascribed her fall to the fact that the step down to the dressing room was oversized. The errata sheet with appellant's signature,

which is authorized by OCGA § 9-11-30 (e), was not included with appellant's deposition when it was filed in the case sub judice but instead was filed by appellant on the day of the hearing on appellee's motion for summary judgment. However, because the certificate of the officer before whom the deposition was taken does not reflect when the deposition was submitted to appellant and does not contain a statement that appellant waived or otherwise failed to sign the deposition, the record does not positively reflect that the errata and signature sheets were not properly part of appellant's deposition, see id., and therefore we reject appellee's argument that the errata sheet could not be considered because it was not part of the deposition. Other than an affidavit submitted by an employee of appellee, appellant's deposition, as corrected, constitutes the only evidence of record in this appeal.[1]

Based on the changes in appellant's deposition testimony reflected in the errata sheet, appellant contends this slip and fall case is not a "foreign substance" case but instead is a "defective condition" case. While we agree with appellant's characterization of the facts in this regard, we do not agree with appellant that consideration of the errata sheet testimony renders improper the trial court's grant of summary judgment in favor of appellee.

" 'For [appellant] to recover under a common law negligence theory, there must have been a defective condition on [appellee's] premises, which defect was the cause of [appellant's] fall and of which [appellee] had superior knowledge. . . . The true ground of liability is the proprietor's *superior knowledge* of the perilous instrumentality and the danger therefrom to persons going upon the property. It is when the perilous instrumentality is *known to the owner* or occupant and *not known to the person injured* that a recovery is permitted. Thus, the basis of the proprietor's liability is his superior knowledge, and if his invitee knows of the condition or hazard, there is no duty on the part of the proprietor to warn the invitee and there is no liability for resulting injury because the invitee has as much knowledge as the proprietor does.' . . . [Cit.]" *Trillet v. Vulcan Materials Co.,* 199 Ga. App. 583, 584 (405 SE2d 572) (1991). Even construing the evidence in the case sub judice most strongly in behalf of appellant, see generally *Haire v. City of Macon,* 200 Ga. App. 744, 746 (409 SE2d 670) (1991), and even assuming that appellee was negligent in main-

---

[1] In her brief appellant discusses the testimony set forth in certain depositions, apparently taken in the earlier suit, which the record reflects were not part of the record before the trial court and were not included in the record on appeal. Therefore, we cannot consider appellant's assertion in her brief that these depositions constituted the evidence for her otherwise unsupported claim of negligence per se. See generally *Nodvin v. West,* 197 Ga. App. 92, 96 (3) (c) (397 SE2d 581) (1990).

taining an oversized step from the shower area to the dressing room, it is clear from the evidence of appellant's repeated earlier traversals of that very same step that her knowledge of the alleged "defective condition" and potential danger evidenced by the oversized step was equal to that of appellee. See *Folks, Inc. v. Dobbs,* 181 Ga. App. 311, 312-313 (1) (352 SE2d 212) (1986); *Garnett v. Mathison,* 179 Ga. App. 242-243 (2) (345 SE2d 919) (1986). The cases cited by appellant to support her position to the contrary are all distinguishable as involving either plaintiffs whose knowledge of the danger was offset by adverse weather conditions or poor lighting, see *Shackelford v. DeKalb Farmer's Market,* 180 Ga. App. 348 (349 SE2d 241) (1986); *Pinkney v. VMS Realty,* 189 Ga. App. 177 (375 SE2d 90) (1988), or plaintiffs whose knowledge gained by traversing the defective condition in one direction did not constitute knowledge of a different danger posed by traversing the condition in the opposite direction. See *Robinson v. Western Intl. Hotels,* 170 Ga. App. 812 (318 SE2d 235) (1984).

Accordingly, appellant was not entitled to recover in common law negligence from appellee, and the trial court's grant of summary judgment was proper. *Garnett,* supra at 243.

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur.*

DECIDED MAY 11, 1992.

*C. Lawrence Jewett, Jr., James L. Bass,* for appellant.
*Duncan & Mangiafico, Edgar S. Mangiafico, Jr.,* for appellee.

