A96A1868. KROGER COMPANY v. FARLEY.
(484 SE2d 742)

BIRDSONG, Presiding Judge.

Following the grant of an interlocutory appeal, The Kroger Company appeals the denial of its motion for summary judgment in Michael Farley's slip and fall case.

The evidence shows that Farley and his wife were walking down an aisle between two produce stands in a Kroger store when he fell. After the fall, Farley noticed several crushed cherries on the floor next to him beneath one of the produce stands. No employees of the store were in the vicinity.

By deposition Farley testified that he was not looking directly at the floor when he fell, but that he had looked down at the floor just before he fell and did not see the cherries. He surmised that the cherries must have blended into the floor, and he said he did not know whether he would have seen the cherries had he been looking down at the moment he fell. Farley stated that he was not distracted by

anything and nothing obstructed his view of the floor. Subsequently by affidavit, however, Farley testified that he returned to the Kroger store after his deposition and discovered that the display table next to where he slipped on the cherries had a one-and-one-half foot overhang. He testified that he believes the cherries were under this table and that his view of them was blocked by the overhang.

Kroger submitted no affidavit testimony in support of its motion concerning its cleaning or inspection procedures. In opposition to the motion, however, Farley pointed out that Kroger had admitted in its interrogatory responses that the store did not have a set cleaning schedule for sweeping or spot-mopping. Kroger's interrogatory responses also stated that it believed the store manager had inspected the produce department 15 to 20 minutes before the incident and that the floor had been swept at some point shortly before or after Farley fell.

Kroger contends the trial court erred in denying its motion because there is no evidence that it had actual or constructive knowledge of the cherries on the floor and because Farley failed to exercise ordinary care for his own safety. *Held*:

1. The standards applicable to motions for summary judgment are announced in *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474).

"[A]t summary judgment a party who will not bear the burden of proof at trial need not conclusively prove the opposite of each element of the non-moving party's case. Rather, that party must demonstrate by reference to evidence in the record that there is an absence of evidence to support at least one essential element of the non-moving party's case. In other words, summary judgment is appropriate when the court, viewing all the facts and reasonable inferences from those facts in a light most favorable to the non-moving party, concludes that the evidence does not create a triable issue as to each essential element of the case." Id. at 495.

This record demonstrates that the trial court placed the burden on Kroger to prove that it did not have superior knowledge of the substance on the floor. Under *Alterman Foods v. Ligon*, 246 Ga. 620 (272 SE2d 327), that burden falls on the plaintiff. Therefore, the cases Farley relies upon that were decided either before or after *Lau's Corp. v. Haskins*, supra, which seek to impose this burden on defendant-movants are inconsistent with *Lau's Corp. v. Haskins* and thus are not valid precedent. Therefore, Kroger had no burden to show that it had an inspection procedure in place. Accordingly, the trial court erred by denying Kroger's motion on this basis.

2. The record is clear that Farley produced no evidence that Kroger had any knowledge, either actual or constructive, of the cherries on the floor. Therefore, he failed to carry his burden on one of the

essential elements of his claim (*Moore v. Food Assoc.*, 210 Ga. App. 780, 782 (437 SE2d 832)) and his claim must tumble like a "house of cards." *Lau's Corp v. Haskins*, supra. Accordingly, as Kroger was not shown to have superior knowledge of the cherries on the floor, the trial court erred by not granting summary judgment to Kroger. Accordingly, the judgment of the trial court must be reversed and the case remanded to the trial court with direction to enter summary judgment for The Kroger Company.

*Judgment reversed with direction. Senior Appellate Judge Harold R. Banke concurs. Blackburn, J., concurs in judgment only.*

DECIDED MARCH 18, 1997 —
RECONSIDERATION DENIED MARCH 28, 1997 — ▬▬▬▬

*Webb, Carlock, Copeland, Semler & Stair, Douglas A. Wilde, Matthew L. Hilt*, for appellant.
*Bobby B. Terry*, for appellee.