A97A1537. JONES v. INGLES MARKETS, INC.
(492 SE2d 257)

ANDREWS, Chief Judge.

While shopping at an Ingles Markets, Inc. food store, Penny Jones stepped in a puddle of liquid and slipped. Jones sued Ingles claiming that the puddle on the floor was a dangerous condition on the premises; that Ingles negligently failed to exercise ordinary care to keep the premises safe for invitees, and that this negligence was the proximate cause of an injury she incurred when she slipped. Ingles moved for summary judgment solely on the basis that Jones

failed to exercise ordinary care to discover and avoid the puddle in her path. Based on the evidence before it, the trial court concluded that Ingles was entitled to summary judgment because of Jones's "failure to exercise ordinary care for her own safety." Jones appeals from the order granting summary judgment in favor of Ingles.

The following facts are relevant to this issue: Jones deposed that as she was leaving the Ingles store after checking out, her left foot slipped on something, but she was able to catch herself before she fell. She alleged that her back and legs were injured as a result of the slip. She testified that after she slipped, she looked down at the floor and could see that she had stepped in a puddle of clear liquid which looked like about a cup and a half of water on the floor. Jones testified that she did not see the liquid prior to stepping in it because, as she was exiting the store prior to the slip, she was looking straight ahead rather than in the direction of the floor. She admitted that nothing prevented her from seeing the liquid on the floor prior to stepping in it and that it would have been visible to her had she looked for it. The record contains no other depositions, affidavits or other evidence supporting or opposing the motion for summary judgment.

"[I]n order to state a cause of action in a case where the plaintiff alleges that due to an act of negligence by the defendant [s]he slipped and fell on a foreign substance on the defendant's [premises], the plaintiff must show (1) that the defendant had actual or constructive knowledge of the foreign substance and (2) that the plaintiff was without knowledge of the substance or for some reason attributable to the defendant was prevented from discovering the foreign substance." *Alterman Foods v. Ligon*, 246 Ga. 620, 623 (272 SE2d 327) (1980).

Ingles clearly limited its motion for summary judgment to the second prong of the *Alterman Foods* test; Jones responded only to that issue, and the trial court granted summary judgment solely on that basis. Since Jones had no burden to respond to issues not raised in the motion for summary judgment, our review of the record is limited to the second prong of the *Alterman Foods* test. *Hodge v. SADA Enterprises,* 217 Ga. App. 688, 690 (458 SE2d 876) (1995); compare *Solon Automated Svcs. v. Corp. of Mercer Univ.*, 221 Ga. App. 856, 859 (473 SE2d 544) (1996). (In response to the plaintiff's motion for summary judgment, the defendant raised an issue not raised in the motion, and the trial court considered the issue sua sponte.)

Under the second prong of *Alterman Foods*, the issue is whether or not the evidence shows that Jones knew about or should have discovered the puddle and avoided it prior to stepping in it. This prong requires that "[t]he customer must exercise ordinary care for [her] own safety, and must by the same degree of care avoid the effect of the merchant's negligence after it becomes apparent to [her] or in the

exercise of ordinary care [she] should have learned of it. [She] must make use of all [her] senses in a reasonable measure amounting to ordinary care in discovering and avoiding those things that might cause hurt to [her]." (Citations and punctuation omitted.) *Alterman Foods,* supra at 623.

Applying these standards, the evidence shows that the puddle was visible and, had Jones looked at the floor where she was walking prior to the slip, she could have seen and avoided it. There was no evidence that Ingles was in any way responsible for Jones's failure to see and avoid the puddle. Accordingly, the trial court's grant of summary judgment in favor of Ingles was proper because Jones slipped as a result of her failure to exercise ordinary care for her own safety. *Smith v. Wal-Mart Stores,* 199 Ga. App. 808, 810 (406 SE2d 234) (1991).

*Judgment affirmed. Birdsong, P. J., concurs. Eldridge, J., concurs specially.*

ELDRIDGE, Judge, concurring specially.

While I concur with the entire opinion of the Court, I feel it necessary that this special concurrence be added to raise certain issues that must be kept foremost in view when dealing with slip and fall cases. The two-prong test of *Alterman Foods v. Ligon,* 246 Ga. 620, 623 (272 SE2d 327) (1980) was not the basis for the holding of the Supreme Court in that case and is obiter dictum that has become the basis for subsequent analysis of slip and fall cases as holy writ. The *Alterman* two-prong analysis appears to shift the burden of proof as to affirmative defenses, contributory negligence and assumption of the risk, to the plaintiff, when such burden of proof on motion and trial rests upon the defendant; in all other areas of negligence, except slip and fall cases, the defendant has the burden of proof as to affirmative defenses. *Alterman* never reversed the pre-existing body of case law which placed the burden of proof for an affirmative defense on the defendant. The elements of the affirmative defense of contributory negligence include the duty to exercise ordinary care to discover a patent danger, i.e., the defendant's negligence or a danger created by another, to exercise ordinary care to avoid the danger when known or should have been known, and the opportunity to avoid the danger. *Smith v. Wal-Mart Stores,* 199 Ga. App. 808, 810 (406 SE2d 234) (1991); *Bowman v. Richardson,* 176 Ga. App. 864, 865 (338 SE2d 297) (1985).

The defendant carried its burden of proof on summary judgment to make out all of the elements of the affirmative defense of contributory negligence as a prima facie affirmative defense. Under OCGA § 9-11-56 (e) the burden of coming forward with evidence to show a material issue of fact for jury determination as to such defense

shifted to the plaintiff; the plaintiff failed to create a material issue of fact as to any element of the defense of contributory negligence. Therefore, summary judgment was appropriate as a matter of law. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

DECIDED SEPTEMBER 4, 1997 — RECONSIDERATION DENIED SEPTEMBER 12, 1997 — ▮▮▮▮▮

*Robert P. McFarland*, for appellant.

*Chambers, Mabry, McClelland & Brooks, Robert M. Malcom, Emory S. Mabry III*, for appellee.