A97A2252. DENHAM v. YOUNG MEN'S CHRISTIAN ASSOCIATION & YOUTH CENTER OF THOMASVILLE, INC.
(499 SE2d 94)

RUFFIN, Judge.

Jacqueline L. Denham sued the Young Men's Christian Association & Youth Center of Thomasville, Inc. ("the YMCA") for damages that she incurred when she slipped and fell on the YMCA's premises. Denham appeals the trial court's grant of summary judgment. We affirm.

The Supreme Court of Georgia has held that "'routine issues' of premises liability, i.e., the negligence of the defendant and the plaintiff, and the plaintiff's lack of ordinary care for personal safety are

generally not susceptible of summary adjudication, and that summary judgment is granted only when the evidence is plain, palpable and undisputed." *Robinson v. Kroger Co.*, 268 Ga. 735, 748 (2) (b) (493 SE2d 403) (1997). "To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c). A *defendant* may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. . . . A defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue. OCGA § 9-11-56 (e)." *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

Viewed in the light most favorable to Denham, the evidence shows that on May 17, 1993, Denham visited the YMCA to use the jacuzzi. Although this was her first time using the YMCA's jacuzzi, Denham had previously used another jacuzzi. Upon entering the jacuzzi, she saw the swirling water, but she could not see the outline of the unmarked steps because they were not marked. After stepping into the jacuzzi, Denham "felt along with [her] foot trying to find [the step]." Even though the YMCA had a handrail available for patrons to use, Denham does not recall using the jacuzzi's handrail. Upon entering, Denham fell forward, hitting her chin on the other side of the jacuzzi. Denham attributed her fall to the unmarked steps.

On appeal, Denham contends the trial court erred by granting summary judgment in favor of the YMCA because an issue of fact exists concerning whether the YMCA's failure to mark the outline of the jacuzzi steps created a defective condition. In support of this argument, Denham cites her deposition testimony where she stated that when she entered the jacuzzi, she was "groping" her way down the steps, despite the swirling water and unmarked steps, that there were no warning signs posted, and that the YMCA did not act in response to another patron's prior warning of the danger posed by the unmarked steps. However, this testimony also shows that Denham was aware of the condition of the jacuzzi steps prior to using them but decided to enter the jacuzzi by use of the steps. The trial court properly rejected Denham's argument against summary judgment.

"'For [Denham] to recover under a common law negligence theory, there must have been a defective condition on [the YMCA's] premises, which defect was the cause of [Denham's] fall and of which [the YMCA] had superior knowledge. The true ground of liability is the proprietor's superior knowledge of the perilous instrumentality and the danger therefrom to persons going upon the property. It is when the perilous instrumentality is *known to the owner* or occupant and *not known to the person injured* that a recovery is permitted. Thus, the basis of the proprietor's liability is his superior knowledge, and if his invitee knows of the condition or hazard, there is no duty on the part of the proprietor to warn the invitee and there is no liability for resulting injury because the invitee has as much knowledge as the proprietor does.'" (Citations and punctuation omitted.) *Young v. YMCA of Metropolitan Atlanta*, 204 Ga. App. 224, 225 (419 SE2d 97) (1992). Construing the evidence in favor of Denham, it is clear from the record that Denham's knowledge of the alleged defective condition was equal to that of the YMCA.

Denham also contends that the YMCA failed to post warning signs to proceed with caution or to encourage use of the handrail and that the YMCA failed to heed the warning of another patron that the unmarked steps posed a danger. Review of the record shows that no signs appeared in or around the jacuzzi at issue. However, in this instance, whether warning signs should have been posted or not is irrelevant to determining whether a genuine issue of material fact exists because this Court has held that "[t]here should be no duty to warn of the perfectly obvious such as posting a sign on a stairwell that 'These are steps. . . .' [Cit.]" *Gyles, Inc. v. Turner*, 184 Ga. App. 376, 377 (361 SE2d 538) (1987) (physical precedent only). Consequently, the YMCA's failure to post signs is not a basis for finding a genuine issue of material fact.

Moreover, the standard for review of a "slip and fall" case is "whether, taking into account all the circumstances existing at the time and place of the fall, the invitee exercised the prudence the ordinarily careful person would use in a like situation." *Robinson v. Kroger Co.*, 268 Ga. at 748 (2) (b), supra. Pretermitting whether the unmarked steps resulted in a defective condition, the evidence clearly shows that Denham knew that she was unable to see the unmarked steps through the swirling water, but intentionally descended into the jacuzzi using the unmarked steps. Considering the totality of the circumstances, the condition of the unmarked steps being known to Denham prior to her fall, the YMCA cannot be held liable for Denham's injury. See generally id. Accordingly, the trial court properly granted summary judgment to the YMCA.

*Judgment affirmed. Birdsong, P. J., and Eldridge, J., concur specially.*

BIRDSONG, Presiding Judge, concurring specially.

Although I concur fully with all that is said in the majority opinion, I write separately to express my disagreement with the view stated in Judge Eldridge's special concurrence that *Lau's Corp. v. Haskins,* 261 Ga. 491 (405 SE2d 474) is no longer applicable to summary judgment in slip and fall cases because of our Supreme Court's recent *Robinson v. Kroger Co.,* 268 Ga. 735 (493 SE2d 403), decision. Even the most cursory reading of the *Robinson* opinion plainly shows that the special concurrence is contrary to that decision, and, moreover, these views are contrary to the recent seven member whole court decision in *Sharfuddin v. Drug Emporium,* 230 Ga. App. 679 (498 SE2d 749). As much as anyone may disagree with the *Sharfuddin* decision or wish that *Robinson* had gone further than it did, these opinions are nevertheless binding precedent and must be followed until they are modified, overruled, or reversed. Under our system of precedent, we are not free to act as if the *Sharfuddin* decision does not exist.

The special concurrence's quotation from *Robinson* quoting *Hilsman v. Kroger Co.,* 187 Ga. App. 570 (370 SE2d 755) is misleading: *Robinson* quoted *Hilsman* to show what the law was prior to *Lau's Corp.,* and not what the law would be after *Robinson.* See *Robinson,* supra at 747.

Additionally, except for cases under the second prong of the elements of a foreign substance slip and fall case under *Alterman Foods v. Ligon,* 246 Ga. 620, 623-624 (272 SE2d 327) (see *Sharfuddin,* supra at 680) nothing in *Robinson* states that a defendant-movant can no longer discharge its burden by pointing out the absence of evidence to support the non-moving party's case. If our Supreme Court had intended such a result, that court certainly could easily have done so by stating merely what the special concurrence alleges that it did. Instead, the Supreme Court crafted an opinion that elected to modify the application of *Lau's Corp.* as it concerned the second prong of a slip and fall case under *Alterman Foods* and nothing more.

Therefore, I cannot agree with the views stated in Judge Eldridge's special concurrence.

ELDRIDGE, Judge, concurring specially.

I concur in the majority's opinion that the trial court properly granted summary judgment to the YMCA. I write separately to clarify the burden of proof necessary for a defendant to prevail at summary judgment in a slip-and-fall case.

1. The burden of proof set forth in *Lau's Corp. v. Haskins,* 261 Ga. 491 (405 SE2d 474) (1991), and cited in the majority's opinion is no longer applicable to summary judgment in a slip-and-fall case since the Supreme Court's decision in *Robinson v. Kroger Co.,* 268 Ga.

735 (493 SE2d 403) (1997). Under *Robinson* the evidentiary burdens were re-established "to where they were at the time *Alterman Foods* was decided," some 11 years prior to *Lau's Corp. Robinson v. Kroger Co.*, supra at 748.

"[O]n motion for summary judgment, regardless of which party would have the burden of proof at trial, if a material fact has been alleged in the complaint, can be reasonably drawn from the pleadings, or has been raised by the evidence placed in the record by any party, *the defendant-movant has the burden of proving the non-existence of that fact* and it is not until the movant carries its own burden that the burden then shifts to the plaintiff-respondent." (Citations and punctuation omitted.) *Robinson v. Kroger Co.*, supra at 747 (quoting *Hilsman v. Kroger Co.*, 187 Ga. App. 570, 572 (370 SE2d 755) (1988)). A defendant-movant can no longer discharge its burden by "pointing out by reference to the . . . record that there is an absence of evidence to support the non-moving party's case." *Lau's Corp. v. Haskins*, supra at 491.

As stated in *Robinson*, "[a] slip-and-fall plaintiff need not necessarily produce evidence which disproves the plaintiff's negligence to withstand a motion for summary judgment — the burden of coming forward with such evidence arises only after it has been established or assumed the defendant had actual or constructive knowledge of the hazard, and *the defendant presents evidence* that the plaintiff's injuries were proximately caused either by the plaintiff's voluntary negligence, i.e., plaintiff's intentional and unreasonable exposure of self to a hazard of which plaintiff has knowledge, or by the plaintiff's casual negligence, i.e., the plaintiff's failure to exercise ordinary care for personal safety. In this way, the defendant has the evidentiary burden as to the issue of the plaintiff's negligence after it has been established or assumed for purposes of a motion for summary judgment that the defendant was negligent, i.e., that the defendant had actual or constructive knowledge of the existence of a hazard on its premises. Only after the defendant has produced evidence of the plaintiff's negligence does the plaintiff have the burden of producing rebuttal evidence." (Emphasis supplied.) *Robinson v. Kroger Co.*, supra at 747-748.

2. Denham alleged in her complaint that the YMCA had actual or constructive knowledge of the dangerous condition of its jacuzzi. On summary judgment, the YMCA established evidence that Denham "intentionally and unreasonably exposed self to a hazard of which the plaintiff knew or, in the exercise of ordinary care, should have known[,]" i.e., that Denham intentionally descended the steps of the jacuzzi, she knew the steps were wet and slippery, she could not see the steps or their edges under the swirling water, and she was unaware of the handrail that was present.

Denham now had the burden to come forward and present some affirmative evidence which creates a jury issue on the essential element of the YMCA's affirmative defense. *Robinson v. Kroger Co.*, supra at 748; *Barentine v. Kroger Co.*, 264 Ga. 224, 225 (443 SE2d 485) (1994). Denham failed to do so. Therefore, the grant of summary judgment to YMCA was proper. Even under the standards set forth in *Robinson*, summary judgment is appropriate in cases, such as this, where "the evidence is plain, palpable, and undisputed." *Robinson v. Kroger Co.*, supra at 748.

DECIDED MARCH 13, 1998.

*Whitehurst, Cohen & Blackburn, Catherine M. Williams, Ronald B. Warren*, for appellant.

*Watson, Spence, Lowe & Chambless, Mark A. Gonnerman, Russell S. Kent*, for appellee.