A97A1537. JONES v. INGLES MARKETS, INC.
(498 SE2d 365)

ANDREWS, Chief Judge.

In *Jones v. Ingles Markets*, 228 Ga. App. 496 (492 SE2d 257) (1997), we affirmed the grant of summary judgment in favor of Ingles on Penny Jones' claim that Ingles' negligent failure to keep its food store premises safe for invitees was the proximate cause of an injury she suffered when she stepped in a puddle of liquid on the floor of the store and slipped. The Supreme Court granted Jones' petition for a writ of certiorari, vacated our judgment, and remanded the case to this Court for reconsideration of the merits of Jones' appeal in light of the Supreme Court's holding in *Robinson v. Kroger Co.*, 268 Ga. 735 (493 SE2d 403) (1997).

Our decision in *Ingles Markets* was limited to consideration of the second prong of the test set forth in *Alterman Foods v. Ligon*, 246 Ga. 620, 623 (272 SE2d 327) (1980), where the issue is whether or not the evidence showed that Jones had actual knowledge of the puddle or that in the exercise of ordinary care she should have known about the puddle and avoided it prior to stepping in it. *Ingles Markets*, supra at 497. Because it is not an issue raised in the appeal, we do not consider whether or not under the first prong of *Alterman Foods*, Ingles had superior actual or constructive knowledge of the puddle. Accordingly, our reconsideration on remand is limited to consideration of the effect of *Robinson* on the second prong of *Alterman Foods* as applied to the facts of this case.

The following facts, as set forth in *Ingles Markets*, are relevant to the decision in this case: "Jones deposed that as she was leaving the Ingles store after checking out, her left foot slipped on something, but she was able to catch herself before she fell. She alleged that her back and legs were injured as a result of the slip. She testified that after she slipped, she looked down at the floor and could see that she had stepped in a puddle of clear liquid which looked like about a cup and a half of water on the floor. Jones testified that she did not see the liquid prior to stepping in it because, as she was exiting the store prior to the slip, she was looking straight ahead rather than in the direction of the floor. She admitted that nothing prevented her from seeing the liquid on the floor prior to stepping in it and that it would have been visible to her had she looked for it." Id. at 497. There is no evidence that anything in the control of Ingles was in any way responsible for Jones' failure to see and avoid the puddle. Id. at 498.

Since there is no evidence that Jones had actual knowledge of the puddle prior to stepping in it, the issue under the second *Alterman Foods* prong is whether, in the exercise of ordinary care for her own safety, Jones should have known about the puddle and avoided it. In *Ingles Markets* we quoted the *Alterman Foods* requirements that under the second prong of the test set forth therein, " '(t)he customer must exercise ordinary care for (her) own safety, and must by the same degree of care avoid the effect of the merchant's negligence after it becomes apparent to (her) or in the exercise of ordinary care (she) should have learned of it. (She) must make use of all (her) senses in a reasonable measure amounting to ordinary care in discovering and avoiding those things that might cause hurt to (her).' (Citations and punctuation omitted.) *Alterman Foods*, supra at 623." *Ingles Markets*, supra at 497-498. Applying these requirements, we found that "the evidence show[ed] that the puddle was visible and, had Jones looked at the floor where she was walking prior to the slip, she could have seen and avoided it." Id. at 498. We concluded that Jones' failure to look where she was walking

and see the puddle established as a matter of law that the proximate cause of her slip in the puddle was her failure to exercise ordinary care for her own safety. Id. Accordingly, in *Ingles Markets* we affirmed the trial court's grant of summary judgment in favor of Ingles.

In *Robinson*, the Supreme Court granted a writ of certiorari "to examine 'the proper standard for determining whether the plaintiff in a "slip and fall" premises liability case has exercised ordinary care sufficient to prevail against a motion for summary judgment,' " id. at 735, and "to examine the appellate decisions which have as their crux a determination as a matter of law that an invitee failed to exercise ordinary care for personal safety." Id. at 739. In doing so, *Robinson* examined slip and fall cases which, like the claim in *Robinson*, were based on claims by invitees that they were injured by a foreign substance on the floor of the premises to which they were invited. *Robinson* identified *Alterman Foods* as the landmark decision defining the law governing these slip and fall cases. *Robinson*, supra at 736.

In its discussion of these cases, *Robinson* left intact the first prong of the *Alterman Foods* test concerning the defendant proprietor's knowledge of the hazard and focused instead on the second *Alterman Foods* prong dealing with the plaintiff's knowledge of the hazard. *Robinson*, supra. *Robinson* reaffirmed that under the second prong of *Alterman Foods*, a plaintiff invitee must prove that the invitee " 'was without knowledge of the substance or for some reason attributable to the defendant was prevented from discovering the foreign substance.' Id. at 623." *Robinson*, supra at 736, 748-749. Under *Robinson*, however, the defendant now has the initial burden under the second prong of producing evidence in support of a motion for summary judgment that the plaintiff's negligence was the proximate cause of the injuries at issue. Id. at 747-749. This burden may be carried by the defendant by producing evidence that the plaintiff knew about the hazard or that in the exercise of ordinary care the plaintiff should have known about the hazard. Id.[1] Only after the defendant has produced evidence of the plaintiff's negligence does the plaintiff have the burden of producing evidence which disproves such negligence in opposition to summary judgment. Id.

---

[1] *Robinson* did not change the allocation of burdens applicable to the first prong of *Alterman Foods. Robinson*, supra at 747-749. As to the first prong, the rule remains that the defendant who will not bear the burden of proof at trial has no burden to produce evidence to negate the plaintiff invitee's claim, and therefore the defendant may prevail on summary judgment by simply pointing out the absence of evidence in the record that the defendant had actual or constructive knowledge of the hazard. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). The special concurrence's contention that *Robinson* altered the evidentiary burdens applicable to the first prong under *Lau's Corp.* was rejected by this Court in *Sharfuddin v. Drug Emporium*, 230 Ga. App. 679 (498 SE2d 748) (1998).

*Robinson* also reaffirmed that under the second prong of *Alterman Foods*, an invitee has the following duties: "An invitee is charged with exercising ordinary care for personal safety and using ordinary care to avoid the effect of the owner/occupier's negligence after that negligence becomes apparent to the invitee or in the exercise of ordinary care the invitee should have learned of it. In the exercise of ordinary care, the invitee must use all senses to discover and avoid hurtful things. *Alterman Foods v. Ligon*, supra, 246 Ga. at 623." *Robinson*, supra at 741. In considering whether or not an invitee has exercised such ordinary care, *Robinson* further stated that: "The established standard is whether, taking everything into account, the act is one which the common sense of mankind pronounces wants of such prudence as the ordinarily careful person would use in a like situation. The invitee is not bound to avoid hazards not usually present on the premises and which the invitee, exercising ordinary care, did not observe, and the invitee is not required, in all circumstances, to look continuously at the floor, without intermission, for defects in the floor." (Citations and punctuation omitted.) Id. at 741. *Robinson* further held "that an invitee presents some evidence of the exercise of reasonable care for personal safety when the invitee explains that something in the control of the owner/occupier and of such a nature that the owner/occupier knew or should have known of its distractive quality caused him not to look at the site of the hazard." Id. at 748.

Applying these standards, *Robinson* confirmed that a court may conclude as a matter of law that an invitee failed to exercise ordinary care where the evidence establishing that fact is plain, palpable and undisputable. Id. at 739-740. But *Robinson* emphasized that the question of ordinary care is generally an issue for the trier of fact and that where reasonable minds can differ as to the conclusion to be reached, summary judgment is not appropriate. Id.

In considering the facts in the case before it, *Robinson* reversed the grant of summary judgment in favor of Kroger and concluded that: "[A]n invitee's failure to exercise ordinary care is not established as a matter of law by the invitee's admission that he did not look at the site on which he placed his foot or that he could have seen the hazard had he visually examined the floor before taking the step which led to his downfall. Rather, the issue is whether, taking into account all the circumstances existing at the time and place of the fall, the invitee exercised the prudence the ordinarily careful person would use in a like situation." Id. at 748.

In the present case, Ingles produced deposition testimony given by Jones which carried its initial burden of producing evidence that the proximate cause of the injury was Jones' negligent failure to exercise ordinary care to see and avoid the puddle in her path. Jones produced no additional evidence in rebuttal nor did she claim that any-

thing in the control of Ingles distracted her and prevented her from seeing the puddle. Rather, she relied on the same deposition testimony as evidence that she did not see the puddle of clear liquid on the floor despite exercising ordinary care for her safety. In *Ingles Markets*, we affirmed the grant of summary judgment in favor of Ingles and concluded as a matter of law that Jones failed to exercise ordinary care because she admitted that she could have seen the puddle of clear liquid if she had looked at the floor where she was walking before stepping in it. Given the factual similarity of this case to *Robinson*, we now conclude that the trial court's grant of summary judgment in favor of Ingles must be reversed.

*Judgment reversed. Birdsong, P. J., concurs and concurs specially. Eldridge, J., concurs specially.*

BIRDSONG, Presiding Judge, concurring specially.

Although I concur fully with all that is said in the majority opinion, I write separately to express my disagreement with several of the views stated in Judge Eldridge's special concurrence. Nothing in *Robinson v. Kroger Co.*, 268 Ga. 735 (493 SE2d 403), states that *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474), is no longer applicable to motions for summary judgment in slip and fall cases. For the most part, the special concurrence stretches the holdings of *Robinson* far beyond anything the Supreme Court intended. Moreover, these views are contrary to the recent seven member whole court decision in *Sharfuddin v. Drug Emporium*, 230 Ga. App. 679 (498 SE2d 748). As much as anyone might disagree with the *Sharfuddin* decision or wish that *Robinson* had gone further than it did, these opinions are nevertheless binding precedent and must be followed until they are modified, overruled or reversed.

The special concurrence's quotation from *Robinson* quoting *Hilsman v. Kroger Co.*, 187 Ga. App. 570 (370 SE2d 755), is misleading: *Robinson* quoted *Hilsman* to illustrate the law was prior to *Lau's Corp.*, and not to state what the law would be after *Robinson*. See *Robinson*, supra at 747.

Additionally, except for cases under the second prong of the elements of a foreign substance slip and fall case under *Alterman Foods v. Ligon*, 246 Ga. 620, 623-624 (272 SE2d 327), nothing in *Robinson* states that a defendant-movant can no longer discharge its burden by pointing out the absence of evidence to support the nonmoving party's case. *Sharfuddin*, supra. If our Supreme Court had intended such a result, it certainly could easily have done so by stating merely what the special concurrence alleges that it did. Instead, the Supreme Court carefully crafted an opinion that only modified the application of *Lau's Corp.* as it concerned the second prong of a slip and fall case under *Alterman Foods*.

Further, *Robinson* does not hold or remotely suggest that merely pleading that the defendant had constructive or actual knowledge of the existence of a hazard is sufficient to establish the knowledge element. *Robinson* makes clear that plaintiffs retain the burden to prove actual or constructive knowledge. *Robinson*, supra at 747-749. Therefore, if the knowledge element of a slip and fall cause of action is challenged in a motion for summary judgment, a plaintiff has the burden of responding in the manner prescribed in *Lau's Corp.*

ELDRIDGE, Judge, concurring specially.

In my view, the majority opinion contains errors that will impact on future decisions of this Court and may make the granting of summary judgment to defendants "business as usual," despite the clear holding of *Robinson v. Kroger Co.*, 268 Ga. 735 (493 SE2d 403) (1997), to the contrary.[2]

1. Initially, the majority states that "our reconsideration on remand is limited to consideration of the effect of *Robinson* on the second prong of *Alterman Foods* [v. *Ligon*, 246 Ga. 620 (272 SE2d 327) (1980)]."

Thereafter, ignoring its self-imposed limitation, the majority — in a footnote — cites *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991), asserting that under the first prong of *Alterman Foods*, an owner/occupier may still "prevail on summary judgment by simply pointing out the absence of evidence in the record that the defendant had actual or constructive knowledge of the hazard."

Aside from being obviously unnecessary for the disposition of this case, such interpretation is incorrect.

*Robinson* did not "leave intact" the first prong of *Alterman Foods* as it has been viewed for years by this Court in relation to *Lau's Corp.*. See *Robinson*, supra at 747 (rejecting our decisions on this issue in *Blake v. Kroger Co.*, 224 Ga. App. 140 (480 SE2d 199) (1996); *Coffey v. Wal-Mart Stores*, 224 Ga. App. 824 (482 SE2d 720) (1997); and *Kroger Co. v. Farley*, 225 Ga. App. 766 (484 SE2d 742) (1997).

Quite to the contrary. While explaining the need to regain balance in the evidentiary burdens in summary judgment on slip and fall cases, *Robinson* removed such cases from the purview of a *Lau's Corp.* analysis. Evidentiary burdens were specifically reestablished "to where they were at the time *Alterman Foods* was decided," 11 years before *Lau's Corp. Robinson*, supra at 748. Now, after *Robinson*, the evidentiary burdens on summary judgment in premises liability/slip and fall cases are as follows:

(a) *Alterman Foods'* prong one, a defendant's constructive or

---

[2] See also *Sharfuddin v. Drug Emporium*, 230 Ga. App. 679 (498 SE2d 748) (1998) (Birdsong, P. J., for the majority; Eldridge, J., dissenting).

actual knowledge of the existence of the hazard, is "established or assumed for purposes of . . . summary judgment" simply by being pled in the complaint: "The rule has been, and continues to be, that on motion for summary judgment, regardless of which party would have the burden of proof at trial, if a material fact has been *alleged in the complaint*, can be reasonably drawn from the pleadings, *or* has been raised by the evidence placed in the record by any party, the defendant-movant has the burden of proving the non-existence of that fact." (Emphasis supplied.) *Robinson*, supra at 747, citing with approval *Hilsman v. Kroger Co.*, 187 Ga. App. 570, 572 (370 SE2d 755) (1988), for the proper placement of evidentiary burdens at the time *Alterman Foods* was decided in 1980.

(b) After a plaintiff pleads a defendant's negligence, the burden is on the defendant to "present[ ] evidence that the plaintiff's injuries were proximately caused either by the plaintiff's voluntary negligence [showing plaintiff intentionally assumed the risk] . . . or by the plaintiff's casual negligence [showing plaintiff did *not* use ordinary care]." Id. at 748.

(c) It is "[o]nly after the defendant has *produced evidence* of the plaintiff's negligence does the plaintiff have the burden of producing rebuttal evidence." (Emphasis supplied.) Id. at 748.

Accordingly, "simply pointing out the absence of evidence in the record" no longer meets a defendant's affirmative evidentiary burden in a motion for summary judgment in a slip and fall case on either prong of the *Alterman Foods* test. "By re-establishing the evidentiary burdens to where they were at the time *Alterman Foods* was decided, we lighten the load placed on plaintiffs by more recent judicial decisions, and place on defendants that which is normally required of a defendant — the establishment of a defense to liability." *Robinson*, supra at 748.

For the majority to assert otherwise is to ignore the plain language of *Robinson*.

2. In the majority opinion, the focus continues to be on the "duties of the *invitee*" and the burden the invitee must carry in order to survive a motion for summary judgment. In fact, *Robinson* stresses the duty of the owner/occupier to keep its premises safe for an invitee. In this regard, the invitee: (1) "is not bound to avoid hazards not usually present on the premises and which the invitee, exercising ordinary care, did not observe"; (2) "is not required, in all circumstances, to look continuously at the floor, without intermission, for defects in the floor"; (3) "is not obliged to inspect the premises to discover latent defects *nor even to observe patent defects*"; and (4) " 'is not barred of a recovery simply because by extreme care on his part it would have been *possible* for him to have discerned the articles left negligently in the aisles or passageways customarily

used by the store patrons at the merchant's tacit invitation.'" (Emphasis supplied.) Id. at 741.

Nor may summary judgment be granted based upon "a hazard, no matter its size, [which] was in 'plain view' and . . . *could* have been seen had the invitee looked at the ground." (Emphasis supplied.) Id. at 742. Under *Robinson*, the "plain view" doctrine has been returned to sanity. It is applied only "to a hazard in plain view at a location where it is customarily found and can be expected to be." Id. at 743.

3. Finally, to the extent the majority opinion implies that an invitee demonstrates the exercise of reasonable care for his safety only upon proof "that something in the control of the owner/occupier and of such a nature that the owner/occupier knew or should have known of its distractive quality caused him not to look at the site of the hazard" (the "distraction doctrine"), such implication is also an incorrect interpretation of *Robinson*.

The "distraction doctrine" is discussed in Division 2 (a) of *Robinson*. The court discusses the "distraction doctrine" as one of the "troubling aspects of the judicial treatment of the invitee's exercise of ordinary care." Id. at 744. Distraction is simply one way in which an invitee may demonstrate the exercise of reasonable care — *after* the defendant has established a defense to liability.

However, the standard for the exercise of ordinary care is set out in Division 1 of *Robinson*. Id. at 741. That standard is "whether, taking everything into account, the act is one which the common sense of mankind pronounces wants of such prudence as the ordinarily careful person would use in a like situation." (Punctuation omitted.) Id. Obviously, meeting the above standard does not demand proof of the "distraction doctrine."

With regard to premises liability/slip and fall, it should not be business as usual. To my mind, the plain holding of the *Robinson* decision cannot be ignored. Nor can it be manipulated by pulling together unrelated parts of the decision and placing an emphasis on the opinion's cites to *Alterman Foods*.

And, herein, this case should not be reversed simply because of its *"factual* similarity" to *Robinson*. This case should be reversed because this Court recognizes and acknowledges that the *law* requires reversal. Under *Robinson*, we can no longer find, as a matter of law, that an invitee loses on summary judgment simply because she *could* have looked at the floor and seen the hazard, but did not. That was our original holding in this case. Under the law as articulated in *Robinson*, the grant of summary judgment was error.

DECIDED MARCH 19, 1998.

*Robert P. McFarland*, for appellant.
*Chambers, Mabry, McClelland & Brooks, Emory S. Mabry III, Robert M. Malcom*, for appellee.